UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAUVAREEN BEVERLEY,

                          Plaintiff,

            – against –

NEW YORK CITY HEALTH AND HOSPITALS
CORP., MITCHELL KATZ, *individually and in his*
*official capacity as President and Chief Operating*
*Officer of NYC Health and Hospitals Corp.*,
STANLEY BREZENOFF, *individually and in his*
*official capacity as Interim President and Chief*
*Operating Officer of NYC Health and Hospitals*
*Corp.*, and PLACHIKKAT V. ANANTHARAM,
*individually and in his official capacity as Chief*
*Financial Officer of NYC Health and Hospitals*
*Corp.*,

                          Defendants.

**OPINION AND ORDER**

18 Civ. 8486 (ER)

RAMOS, D.J.:

Mauvareen Beverley ("Beverley"), moves for reconsideration of the Court's March 30,

2020 opinion (the "March 30 Opinion"), dismissing her discrimination and retaliation claims

against her former employer and supervisors.[1]  *See* Order, Doc. 33.  Beverley is a medical doctor

and former Assistant Vice President, Physician Advisor in Finance/Managed Care for the New

York City Health and Hospitals Corp ("H+H").  She alleges that Defendants discriminated

against her because of her race, Caribbean descent, age, and gender, retaliated against her, and

subjected her to a hostile work environment.  On May 5, 2019, Defendants moved to dismiss the

---

[1] In Defendants' opposition to the instant motion, they appear to construe the Court's dismissal in the March 30 Opinion as a dismissal with prejudice.  *See* Doc. 43, at 18. (Section titled "THE COURT, PROPERLY, DISMISSED THE AMENDED COMPLAINT WITH PREJUDICE").  However, nowhere in the March 30 Opinion did the Court say that the dismissal was with prejudice.  Additionally, it is well settled in this Circuit that an order directing the clerk to close a case is "administrative" and has no "jurisdictional significance."  *See Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 61 (2d Cir. 1993).  In case there is any remaining doubt, the dismissal of the first amended complaint was without prejudice.

first amended complaint.  Doc. 17.  In her response to Defendants' motion, Beverley did not

request leave to amend in the event the Court were inclined to dismiss the first amended

complaint.  On March 30, 2020, the Court granted Defendants' motion, and directed to close the

case.  *See* Doc. 33.  That same day, the Clerk of Court entered judgment, issued a notice of right

to appeal, and closed the case.  Doc. 34.  The Court assumes the parties' familiarity with the facts

and holdings contained in that opinion.

On April 6, 2020, Beverley filed a letter motion requesting an extension of time to May

1, 2020, for her to move to reargue or for reconsideration of the March 30 Opinion, without any

indication as to what rule such a motion would be made under.  Doc. 35.  The Court granted that

request.  Doc. 36.  On April 28, 2020, Beverley separately filed a notice of appeal.  Doc. 39.  On

May 1, 2020, 31 days after the Court issued the March 30 Opinion, Beverley moved for

reconsideration pursuant to Federal Rule of Civil Procedure 59 and Local Rule 6.3 of the

Southern District of New York.  Doc. 40.  For the reasons set forth below, Beverley's motion for

reconsideration is DENIED.

I.      DISCUSSION

The underlying first amended complaint asserted discrimination and retaliation claims on

the basis of her race or national origin under 42 U.S.C. § 1981 and 1983.  It also asserted a

hostile work environment claim in violation 42 U.S.C. § 1983, as well as a discrimination claim

on the basis of her race, national origin, gender and age under the New York City Human Rights

Law ("NYCHRL").

In the instant motion, Beverley contends that in the March 30 Opinion, the Court

overlooked controlling decisions and factual matters that were put before it.  Doc. 41, at 3.

Specifically, Beverley moves the Court to reconsider the dismissal of:  (1) her § 1983 claims; (2)

her NYCHRL claims; and (3) her *Monell* claim.  *See generally id*.

### A.  Applicable Legal Standard

*Rule 59(e)*

Beverley's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59,

filed 31 days after the entry of judgment, must be denied as untimely.  A motion for

reconsideration under Rule 59 must be made within 28 days after the entry of judgment, a time

limitation that cannot be waived.  *See* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 6(b)(2) (a

court "must not extend the time to act under Rules…59(e)"); *see Tepperwien v. Entergy Nuclear*

*Operations, Inc.*, No. 07 Civ. 433(CS), 2010 WL 8938797, at \*9 (S.D.N.Y. March 16, 2010) ("If

the Court were inclined to extend the deadline and assess the merits of Plaintiff's arguments, it

could not, as Rule 59's time limit is jurisdictional and thus unwaivable.") (collecting cases)

(internal quotation marks omitted).  Therefore, although a timely motion for reconsideration

under Rule 59 would have held an earlier filed notice of appeal in abeyance, an untimely filed

Rule 59 would not.  *See Azkour v. Little Rest Twelve*, No. 10 Civ. 4132 (RJS), 2015 WL

1413620, at \*1 (S.D.N.Y. March 23, 2015) ("where a notice of appeal has been filed and the

Rule 59 motion is not timely, the court lacks the jurisdiction to consider the motion, because—

unlike in the context of a timely Rule 59 motion—the appeal is not held in abeyance by the

circuit court pursuant to [Fed. R. App. P. 4(a)(4)(B)].").

Accordingly, the Court does not have jurisdiction under Fed. R. App. P. 4(a)(4)(A) to

rule on Beverley's Rule 59 motion.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S.

56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it

confers jurisdiction on the court of appeals and divests the district court of its control over those

aspects of the case involved in the appeal."). However, for the reasons set forth below in

connection with the Court's analysis of Beverley's Local Rule 6.3 motion, even if her Rule 59

motion were timely, it would be denied. *See Ramirez v. United States*, No. 05 Civ. 4179 (SAS),

2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013) ("The standards for relief under Local Civil

Rule 6.3 and Rule 59(e) are identical.").

   *Local Civil Rule 6.3*

   Beverley's motion under Local Civil Rule 6.3 is timely because a court has discretion

thereunder to grant an extension of time. *See* Local Civil Rule 6.3. ("Unless otherwise provided

by the Court….a notice of motion for reconsideration or reargument of a court order determining

a motion shall be served within fourteen days"). Fed. R. App. P. 4(a)(4)(A) enumerates several

motions, including a motion under Rule 59 or 60, that a district court has jurisdiction to rule on

even if they are filed after a notice of appeal so long as they are timely filed, but a motion under

Local Civil Rule 6.3 is not one of them.

   A separate Federal Rule of Civil Procedure, Rule 62.1, permits the Court to treat

Beverley's motion as a request for an indicative ruling. Specifically, Rule 62.1 provides district

courts with three options when "a *timely* motion is made for relief that the court lacks authority

to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1

(emphasis added). Under Rule 62.1(a), a district court may:  (1) defer consideration of the

motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of

appeals remands for that purpose or that the motion raises a substantial issue.

   Under Local Civil Rule 6.3, reconsideration may be granted only where the Court has

overlooked controlling decisions of law or factual matters that were "put before it on the

underlying motion…and which, had they been considered, might have reasonably altered the

result." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v.*

*Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1

(S.D.N.Y. Feb. 27, 2003)).  Under such circumstances, a motion for reconsideration may be

granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of*

*Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl.*

*Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  "Reconsideration of

a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of

finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253, F. Supp. 2d

713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmg. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613,

614 (S.D.N.Y. 2000)).  "Where the movant fails to show that any controlling authority or fact

have actually been overlooked, and merely offers substantially the same arguments he offered on

the original motion or attempts to advance new facts, the motion for reconsideration must be

denied." *Mikol v. Barnhart*, 554 F.Supp.2d 498, 500 (S.D.N.Y. 2008) (citing *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Furthermore, whether to grant or deny a motion brought under Local Rule 6.3 is within

"the sound discretion of the district court." *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08 Civ.

5048(HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009); *see also McCarthy v. Manson*,

714 F.2d 234, 237 (2d Cir. 1983).

### B.  § 1983 Discrimination Claims

When alleging employment discrimination under § 1983, a plaintiff must plead facts that

enable the court to "'connect the dots' between the adverse employment action and membership

in a protected class." *Ahmed v. Gateway Group One*, 2012 U.S. Dist. LEXIS 76528, at *5, 2012

WL 8006513 (E.D.N.Y. May 31, 2012) (citation omitted).  "An inference of discrimination can

arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *Littlejohn v. City of N.Y.*, 795 F.3d 297, 312 (2d Cir. 2015) (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009). In moving to dismiss Beverley's § 1983 claims, Defendants' primary argument was that she failed to plead an inference of discrimination. *See* Doc. 22, at 9. Defendants also argued that her failure to promote claim failed for the additional reason that she did not allege that she ever sought a promotion or raise and was denied. *See id.* In the March 30 Opinion, the Court agreed with Defendants on both fronts. *See* Doc. 33, at 7 ("Ultimately, Beverley's [1983] claims fail because she has not sufficiently pleaded a causal link between her race and national origin and the alleged adverse employment actions."); *see also id.* at 9 ("Beverley also does not plead that she ever sought a promotion or raise and was denied."). In the instant motion, Beverley makes the same arguments that she made in opposition to Defendants' motion to dismiss: (1) that her allegations regarding disparate treatment of her and her comparators plausibly gave rise to an inference of discrimination; and (2) that Anatharam's single alleged remark about her Caribbean descent and the "African-American experience," lent further support to such an inference. [2] Accordingly, reconsideration is not warranted because the Court fully considered and rejected these arguments in the March 30 Opinion.

---

[2] In her reply brief in support of the instant motion, Beverley argues for the first time that Defendants' replacement of her with someone outside of her protected class following her termination raises an inference of discrimination. *See* Doc. 46, at 8–9. However, that argument must be rejected because it was never once mentioned in Beverley's opposition to Defendants' motion to dismiss, or even in her initial moving brief in support of the instant motion.

*Disparate Treatment*

A plaintiff relying on a disparate treatment claim must show evidence that she was

similarly situated in all material respects to the individual with whom she seeks to compare

herself. *Wegmann v. Young Adult Inst., Inc.*, 2016 U.S. Dist. LEXIS 26674, *30, 2016 WL

827780 (S.D.N.Y. Mar. 2, 2016).  Employment characteristics that can support a finding that two

employees are similarly situated include education, seniority, performance, and specific work

duties. *Mohan v. City of N.Y.*, 2018 U.S. Dist. LEXIS 130933, at *31, 2018 WL 3711821

(S.D.N.Y. Aug. 3, 2018).  When a plaintiff does not plead facts that would permit a court to infer

that she was similarly situated in all material respects to her coworkers, the case must be

dismissed. *Eng v. City of N.Y.*, 2016 U.S. Dist. LEXIS 22569, *7–8, 2016 WL 750251

(S.D.N.Y. Feb. 19, 2016).  Viewing the allegations in the light most favorable her, Beverley had

referenced six co-workers as comparators, five of whom purportedly held the same title as her—

assistant vice president—at some point, and three of whom also reported to Anatharam, who

directly supervised management staff.  Therefore, Beverley argued in her opposition to

Defendants' motion to dismiss that those allegations necessarily show that she and those six co-

workers were subject to the same standard of performance and thus similarly situated. *See* Doc.

22, at 19–20.  In the March 30 Opinion, the Court disagreed and found that Beverley did not

plead "sufficient details that would show they were appropriate comparators that go beyond

conclusory statements." *See* Doc. 33, at 9 (citing *Kunik v. N.Y.C. Dep't of Educ.*, 436 F.Supp.3d

684, 697–98 (S.D.N.Y. 2020)).  Specifically, the Court noted that Beverley's own allegations

showed that three of the six had different responsibilities, specializations, and educational

backgrounds than herself; that an additional comparator worked in a different unit than herself;

and there were no allegations as to what role the remaining two comparators performed. *See id.*

Beverley contends that the Court overlooked the Second Circuit's holding in *Brown v. Daikin America, Inc.*, that the judgment of whether employees are similarly situated "rests on whether the plaintiff and those [she] maintains were similarly situated were subject to the same workplace standards." 756 F.3d 219 (2d Cir. 2014). That argument, however, misconstrues the Court's holding. To be clear, the Court did not hold that Beverley and the comparators were not similarly situated despite being subject to the same workplace standards. Rather, the Court held that she had not adequately alleged, beyond conclusory statements, that they were subject to the same workplace standards or otherwise similarly situated, and that her allegations as pleaded actually undermined her assertion in that regard. In the instant motion, Beverley does not even attempt to explain how her co-workers who, based on her own allegations, either had different or unspecified responsibilities or worked in a different unit, could be subject to the same workplace standards as her. Instead, she merely points the Court again to her opposition to Defendants' motion to dismiss. Therefore, Beverley has failed to show that reconsideration on that issue is warranted.[3]

*Anatharam's Alleged Remarks*

In the first amended complaint, Beverley alleged that Anantharam "questioned Beverley about her Carribean background and made comments about his lack of affinity for the United States' "African American experience." Doc. 16, ¶ 141. In the March 30 Opinion, the Court held that Anantharam's stray remarks did not support an inference of discrimination.

---

[3] Beverley also argues that the Court improperly applied an evidentiary standard in its analysis, pointing to the Court's citation to *Kunik* after concluding that she did not plead sufficient details that would show that her co-employees were appropriate comparators. To be sure, *Kunik* involved a motion for summary judgment as opposed to a motion to dismiss, but it was decided pursuant to the same guiding principle that a plaintiff must allege that she was similarly situated in all material respects to her comparators, which is applicable here. *See* 436 F.3d at 439. The Court did not rely on *Kunik* as the governing standard of review. It relied instead on *Mohan v. City of N.Y.*, 2018 U.S. Dist. LEXIS 130933, at *31, 2018 WL 3711821 (S.D.N.Y. Aug. 3, 2018), and *Eng. V. City of N.Y.*, 2016 U.S. Dist. LEXIS 22569, *7–8, 2016 WL 750251 (S.D.N.Y. Feb. 19, 2016), both of which involved motions to dismiss. *See* Doc. 33, at 9.

In the instant motion, Beverley contends that the Court overlooked her argument that Anatharam's alleged remarks, when "combined with significant disparate treatment can raise an inference of discrimination." To be sure, Beverley's case authority does stand for the proposition that while stray remarks cannot prove discrimination standing alone, they can raise an inference of discrimination when combined with significant disparate treatment or other indicia of discrimination. *See Wright v. N.Y.C. Off-Track Betting Corp.*, No. 05 Civ. 9790(WHP), 2008 WL 762196, at *4 (S.D.N.Y. March 24, 2008) (internal citations omitted); *see also Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001). However, as discussed above and in the March 30 Opinion, Beverley failed to plausibly allege disparate treatment. Therefore, Beverley's own case authority supports the Court's holding, and reconsideration is thus not warranted.

Accordingly, because the Court properly relied on the authority that Beverley herself acknowledges is applicable, her motion to reconsider the dismissal of her § 1983 discrimination claims must be denied. For substantially the same reasons, her motion to reconsider the dismissal of her hostile work environment claim must also be denied. *See Guzman v. City of New York*, No. 13 Civ. 5545(GHW), 2015 WL 1239988, at *12 (S.D.N.Y. 2015) (holding that Plaintiff's hostile work environment claims must be dismissed because Plaintiff failed to demonstrate that Defendants' alleged hostile conduct was predicated on Plaintiff's "color, race, gender, or pregnancy status") (internal citations omitted); *see also Payami v. City of New York*, No. 03 Civ. 2785(LAP), 2007 WL 945529, at *7 (S.D.N.Y. 2007) (dismissing hostile work environment claim because Plaintiff's alleged instances of harassment failed to insinuate "beyond Plaintiff's speculation, that the alleged actions were motivated by his race or ethinicity.").

*Failure to Promote*

Second Circuit case law provides that a failure to promote may constitute an adverse employment action, *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002), but in order to state such a claim, a plaintiff must show that she "applied for a position and was rejected." *Sethi v. Narod*, 12 F. Supp. 3d 505, 525 (E.D.N.Y. 2014) (citing *Petrosino v. Bell Atl.*, 385 F.3d 210, 226–27 (2d Cir. 2004).

In the instant motion, Beverley claims that she did ask for a promotion and salary raise, but only cites to her opposition brief, rather than any factual allegation in the first amended complaint that shows that she made such requests. Furthermore, Beverley acknowledges that the Court already resolved that issue by "construing the [first amended complaint] as failing to assert that she applied for or requested a raise and promotion." Because she does not point to any facts that the Court overlooked, her attempt to relitigate the issue must be rejected.

In the alternative, Beverley, again citing only to her opposition brief, contends that the Second Circuit has recognized an exception to the application requirement. *See* Doc. 41, at 6. (citing to *Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384 (2d Cir. 2000)). In support of that contention, Beverley now confusingly claims that she could not apply for a promotion, despite claiming in the same submission that she did request a promotion. *See* Doc. 41, at 6. In any event, even if the Court were to disregard the conflicting nature of Beverley's representations, *Mauro* held that the requirement that a plaintiff alleging failure to promote must show that she applied for a specific job, does not apply where "the plaintiff indicated to the employer an interest in being promoted to a particular class of positions, but was unaware of specific available positions because the employer never posted them." 208 F.3d at 387. In the

10

first amended complaint, Beverley does not allege that she ever sought a promotion or a raise.[4]

Beverley's reliance on *Gordon v. City of New York,* No. 14 Civ. 6115(JPO), 2015 WL 3473500

(S.D.N.Y. June 2, 2015) for the proposition that an application for a specific job is not required

when there is no formal application process, is also misplaced.  There, the plaintiff specifically

alleged that there was no application process for the specific position he was denied.  There is no

allegation in the first amended complaint regarding the absence of a formal application process.

Accordingly, reconsideration of the dismissal of her failure to promote claim is not warranted.

       *Adverse Employment Actions*

       Beverley also challenges the Court's conclusion that she failed, in many instances, to

plead an adverse employment action.  In doing so, she merely repeats arguments she made in

opposition to Defendants' motion to dismiss.  Compare, e.g., Doc. 22, at 12, 23–24, 25 (arguing

that allegedly being supervised by a subordinate, being excluded from meetings, and not having

an assistant, were adverse employment actions) with Doc. 41, at 4–5 (raising each of the same

arguments).  She even admits in the instant motion that she raised these arguments previously.

*See* Doc. 41, at 4–5. (repeatedly stating that she "addressed that issue in her opposition brief").

Simply put, Beverley's attempt to use the instant motion to reargue her opposition must be

rejected.

## C.  § 1983 Retaliation Claim

       Noting that the amended complaint did not plead retaliation as a separate count but only

"hint[ed]" at it, the March 30 Opinion nonetheless held that any such claim, even if expressly

pleaded, would also fail because Beverley provided no factual support for it.  *See* Doc. 33, at 10.

---

[4] It is well settled that "a party is not entitled to amend its complaint statements made in motion papers."  *See* *D'Alessandro v. City of N.Y.*, 713 F. App'x 1, 11 n.12 (2d Cir. 2017).

To survive a motion to dismiss, a plaintiff alleging retaliation must offer allegations that plausibly show (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 315–16 (2d Cir. 2015) (internal quotation marks omitted).  "Close temporal proximity between the plaintiff's protected action and the employer's adverse employment action may in itself be sufficient to establish the requisite causal connection between a protected activity and retaliatory action." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 5552 (2d Cir. 2010).  The Court noted in the March 30 Opinion that even "an informal complaint to a supervisor constitutes protected activity."  *See* Doc. 33, at 10.

Beverley alleged that she complained to Defendants about her purportedly discriminatory treatment and thereafter Defendants retaliated.  Nevertheless, the Court held that it could not properly evaluate her claim, and the temporal proximity between her complaints and any alleged retaliation, because she did not allege when she made those complaints or the substance of the conversations.  *Id*.

In the instant motion, Beverley argues, without citing to any legal authority, that requiring her to plead the substance of the conversations regarding her complaints unfairly imposes an evidentiary standard on her that is not applicable in the context of a motion to dismiss.  That argument, however, wholly ignores the Court's holding that the first amended complaint failed to provide any information about when it was that she made her complaints.  Attempting to cure this defect, Beverley, in her reply to the instant motion, points to several paragraphs in the first amended complaint that purportedly included details about her complaints including when she made them.  *See* Doc. 46, at 5–6.  Contrary to her assertion, however,

12

nothing in those paragraphs indicate when she complained to Defendants.  Accordingly, because

that alone is a sufficient basis for dismissal of, and the very basis on which the Court dismissed

her retaliation claim, Beverley's motion for reconsideration must be denied.

### D.  NYCHRL Claims

In the March 30 Opinion, the Court held that Beverley's characterization of the standard

of review for NYCHRL discrimination claims set out by *Mihalik v. Credit Agricole Cheuverux*

*North America, Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) was mistaken.  *See* Doc. 33, at 11.

Specifically, she argued that "a plaintiff claiming disparate treatment under the NYCHRL need

only plead that she was treated less well than other employees outside of her protected class."

*Id*.  Instead, *Mihalik* actually requires that "to establish gender discrimination under the

NYCHRL, the plaintiff need only demonstrate by a preponderance of the evidence that she has

been treated less well than other employees *because of* her gender."  *Id*. (emphasis in original).

In the instant motion, Beverley contends that the Court improperly required her to meet

an evidentiary standard applicable to a motion for summary judgment—a showing by a

preponderance of evidence.  The Court did no such thing.  Rather, the Court merely pointed out

that *Mihalik* similarly requires an allegation that causally links any mistreatment to her protected

characteristics.  As discussed in length in the March 30 Opinion and above, Beverley has failed

to adequately plead such allegations.  Furthermore, contrary to her contention, the Court did not

overlook the allegations in the first amended complaint supporting her NYCHRL claims based

on gender and age, but discussed them at length in the March 30 Opinion.  *See* Doc. 33, at 11–

12.  As discussed, they fail to plausibly plead that any alleged mistreatment was because of her

protected characteristics.

13

Finally, Beverley erroneously concluded that the March 30 Opinion overlooked her NYCHRL claims based on race and ethnicity, as well as her NYCHRL hostile work environment and retaliation claims. That conclusion ignores the March 30 Opinion's earlier analysis finding each of those claims lacking in factual support. As discussed above, even though it is well established that the NYCHRL is to be construed "broadly in favor of the discrimination plaintiffs," *see* Doc. 33, at 11, Beverley is still required to provide allegations of a causal link between any mistreatment and her protected characteristics, which she has failed to do. Accordingly, reconsideration of the dismissal of her NYCHRL claims is unwarranted.[5]

### E. *Monell* Claim

It is well settled that a plaintiff must show the denial of a constitutional right by a municipal officer in order to hold a municipality liable under *Monell*. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). As discussed above, Beverley has not shown that she suffered an underlying constitutional violation at the hands of any of the individual Defendants. Therefore, her *Monell* claim necessarily fails. In the instant motion, Beverley again points to her allegations that H+H had institutionalized policies that disadvantaged those in her protected group. *See* Doc. 41, at 10. The Court, in the March 30 Opinion, found those very allegations to be too conclusory. *See* Doc. 33 at 13–14.

Accordingly, Beverely has failed to show that reconsideration is warranted with respect to the dismissal of her *Monell* claim.

---

[5] The Court notes that, having dismissed all federal claims, it would also have declined to exercise supplemental jurisdiction over Beverley's NYCHRL claims. 28 U.S.C. § 1367. Where, as here, all federal law claims are eliminated before trial, the "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction over any remaining state law claims. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).

### F.  Leave to Amend

Finally, Beverley contends that the Court "could have permitted amendment of the [first amended complaint]."  Notably, she never sought leave to amend or indicated what additional facts would be added if allowed to do so in her opposition brief to Defendants' motion to dismiss.  Where a plaintiff has neither requested leave to amend, nor indicated additional facts that would be added to the complaint, a court is not required to grant leave to amend *sua sponte*. *See Trautenberg v. Paul, Weiss, Rifkind, Wharton & garrison L.L.P.*, 351 Fed. App'x 472, 474 (2d Cir. 2009) ("Given that [the plaintiff] did not move for leave to replead in opposition to [the defendant's] motion to dismiss his original complaint with prejudice, the district court did not abuse its discretion by failing to grant him, *sua sponte*, leave to replead."); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) (finding that the district court "was under no obligation to provide [the plaintiffs] with leave to amend their complaint, much less provide such leave *sua sponte*" where they neither requested leave to amend, nor indicated additional facts that might lead to a different result).  Therefore, to the extent Beverley seeks reconsideration of the Court's failure to provide her with leave to amend *sua sponte* in the March 30 Opinion, if that is even a proper basis on which reconsideration can be sought, that request must also be denied under Local Civil Rule 6.3 because she never sought leave to amend.

For the first time in her reply brief in support of the instant motion, she expressly requests leave to amend pursuant to Rule 15.  There, Beverley contends that "[w]hile Plaintiff believes…the FAC should be reinstated, she can supplement the allegations…and should be permitted to do so…[u]nder the liberal construction of the Fed. R. Civ. P. 15(a)." *See* Doc. 46, at 12–13.  Beverley also claims that she can provide more details as to her requests for a promotion or a rise, as well as her complaints to Defendants.

Here, although Beverley was previously given leave to amend the original complaint with the benefit of a letter and a pre-motion conference, the March 30 Opinion was the Court's first opportunity to highlight the precise defects of her pleadings.  The Second Circuit reaffirmed in *Loreley Financing (Jersey) No. 3 Ltd. V. Wells Fargo Securities, LLC*, 797 F.3d 160 (2d Cir. 2015), the "liberal spirit" of amendment under Federal Rule of Civil Procedure 15 and counseled strongly against the dismissal of claims with prejudice prior to "the benefit of a ruling" that highlights "the precise defects" of those claims.  *Id*. at 190–91 (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–12 (2d Cir. 2011) (per curiam)).  Furthermore, it is not yet apparent that any further opportunity to amend would be futile.  For example, details about when Beverley complained to Defendants could potentially allow the Court to properly evaluate her § 1983 retaliation claim.  Nevertheless, in light of her pending appeal and the fact that Defendants have not had an opportunity to respond to her Rule 15 request for leave to amend, that request must be denied without prejudice subject to refiling upon resolution of that appeal.  *See* Fed. R. Civ. P. 62.1.

## II.      CONCLUSION

For the foregoing reasons, Beverley's motion for reconsideration is DENIED.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 40.

It is SO ORDERED.

Dated:  September 25, 2020
        New York, New York

_____
Edgardo Ramos, U.S.D.J.