UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

MAUVAREEN BEVERLEY,

                              Plaintiff,

-against-

NEW YORK CITY HEALTH & HOSPITALS CORP.,
MITCHELL KATZ, Individually and as Chief
Operating Officer and President of New York City
Health and Hospitals Corp., STANLEY BREZENOFF,
Individually and as Interim Chief Operating Officer and
President of New York City Health and Hospitals Corp.,
PLACHIKKAT V. ANATHARAM, Individually and
as Chief Financial Officer of New York City Health and
Hospitals Corp.,

                              Defendants.

**ANSWER TO THE SECOND
AMENDED COMPLAINT**

18 Civ. 8486 (ER)

-------------------------------------------------------------------------- x

       Defendants New York City Health and Hospitals Corporation ("H+H"), Mitchell

Katz, ("Katz"), Stanley Brezenoff ("Brezenoff"), and Plachikkat V. Anatharam ("Anatharam"),

(collectively "Defendants"), by their attorney, the Honorable Sylvia O. Hinds-Radix, Corporation

Counsel of the City of New York, as and for their Answer to the Second Amended Complaint,

filed on April 13, 2022 ("SAC"), respectfully allege as follows:

       1.      Deny the allegations set forth in paragraph "1" of the SAC, except admit

that Plaintiff purports to proceed as stated therein, and affirmatively state that all federal claims

against H+H were dismissed pursuant to the March 23, 2022 Order of the Honorable Edgardo

Ramos ("Order").  See Order, March 23, 2022, at 19-21.

       2.      Deny the allegations set forth in paragraph "2" of the SAC.

       3.      Deny the allegations set forth in paragraph "3" of the SAC.

       4.      Deny the allegations set forth in paragraph "4" of the SAC.

5.     Deny the allegations set forth in paragraph "5" of the SAC, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6.     Deny the allegations set forth in paragraph "6" of the SAC, except admit that Plaintiff purports to base venue as stated therein.

7.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the SAC, except admit that Plaintiff has self-identified as an African-American female.

8.     Deny the allegations set forth in paragraph "8" of the SAC, except admit that Plaintiff has self-identified as being born in 1952.

9.     Deny the allegations set forth in paragraph "9" of the SAC, except admit that Plaintiff was terminated from her employment with H+H in or about January 2018.

10.     The allegations set forth in paragraph "`10" of the SAC constitute legal conclusions to which no responsive pleading is required.

11.     The allegations set forth in paragraph "11" of the SAC constitute legal conclusions to which no responsive pleading is required.

12.     Deny the allegations set forth in paragraph "12" of the SAC, except admit that Defendant H+H is a corporation operating under the laws of the State of New York, and respectfully refer the Court to McKinney's Unconsolidated Laws of NY § 7384 (New York City Health And Hospitals Corporation Act § 4; L 1969, ch 1016, as amended), for a complete and accurate statement of H+H's legal status.

13.     Deny the allegations set forth in paragraph "13" of the SAC, except admit that Defendant H+H maintains an office at 125 Worth Street, New York, NY 10013.

14.     Admit the allegations set forth in paragraph "14" of the SAC.

15.    Deny the allegations set forth in paragraph "15" of the SAC, except admit that Defendant Brezenoff was formerly employed as the Interim President and Chief Operating Officer of Defendant H+H.

16.    Deny the allegations set forth in paragraph "16" of the SAC, except admit that Defendant Anantharam was employed as the Chief Financial Officer of Defendant H+H.

17.    Deny the allegations set forth in paragraph "17" of the SAC.

18.    Deny the allegations set forth in paragraph "18" of the SAC.

19.    Deny the allegations set forth in paragraph "19" of the SAC, except admit that plaintiff purports to proceed as set forth therein.

20.    Deny the allegations set forth in paragraph "20" of the SAC, except admit that H+H established and maintained Operating Procedure No. 20-32 ("Op. Proc. 20-32"), regarding H+H's Equal Employment Opportunity Program, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff's professed "information and belief."

21.    Deny the allegations set forth in paragraph "21" of the SAC, and respectfully refer the Court to Op. Proc. 20-32 for a full and accurate statement of its contents, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff's professed "information and belief."

22.    The allegations set forth in paragraph "22" of the SAC constitute legal conclusions, to which no responsive pleading is required, and defendants respectfully refer the Court to Op. Proc. 20-32 for a full and accurate statement of its contents, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff's professed "information and belief."

23.    The allegations set forth in paragraph "23" of the SAC constitute legal conclusions, to which no responsive pleading is required, and defendants respectfully refer the Court to Op. Proc. 20-32 for a full and accurate statement of its contents, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff's professed "information and belief."

24.    The allegations set forth in paragraph "24" of the SAC constitute legal conclusions, to which no responsive pleading is required, and defendants respectfully refer the Court to Op. Proc. 20-32 for a full and accurate statement of its contents.

25.    The allegations set forth in paragraph "25" of the SAC constitute legal conclusions, to which no responsive pleading is required, and defendants respectfully refer the Court to Op. Proc. 20-32 for a full and accurate statement of its contents.

26.    The allegations set forth in paragraph "26" of the SAC constitute legal conclusions, to which no responsive pleading is required, and defendants respectfully refer the Court to Op. Proc. 20-32 for a full and accurate statement of its contents.

27.    Deny the allegations set forth in paragraph "27" of the SAC.

28.    Deny the allegations set forth in paragraph "28" of the SAC.

29.    Deny the allegations set forth in paragraph "29" of the SAC.

30.    Deny the allegations set forth in paragraph "30" of the SAC, and affirmatively state that the Honorable Edgardo Ramos held, in the March 23, 2022 Order, that plaintiff failed to properly allege that H+H had engaged in a "pattern" of discriminatory practices. See Order, at 20-21 & 21 n.16.

31.    Deny the allegations set forth in paragraph "31" of the SAC.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the SAC.

33.     Deny the allegations set forth in paragraph "33" of the SAC, except admit that plaintiff worked at Harlem Hospital, within the H+H system.

34.     Deny the allegations set forth in paragraph "34" of the SAC, except admit that plaintiff worked for H+H in various titles.

35.     Deny the allegations set forth in paragraph "35" of the SAC, except admit that Plaintiff formerly held a position at Kings County Hospital.

36.     Deny the allegations set forth in paragraph "36" of the SAC, except admit that Plaintiff, in or about November 2014, transferred to the Finance/Managed Care unit in H+H's Central Office.

37.     Deny the allegations set forth in paragraph "37" of the SAC, except admit that employees in Finance have various responsibilities.

38.     Deny the allegations set forth in paragraph "38" of the SAC, except admit that Finance includes multiple units.

39.     Deny the allegations set forth in paragraph "39" of the SAC.

40.     Deny the allegations set forth in paragraph "40" of the SAC, except admit that there are multiple titles in Central Office Finance.

41.     Deny the allegations set forth in paragraph "41" of the SAC.

42.     Defendants respectfully assert that the allegations in paragraph "42" of the SAC have been stricken from the case and therefore no responsive pleading is required, given the Order's determination that plaintiff's proper comparator worked in the same unit as plaintiff. See Order, at 11 & 11 n.5.

43.     Defendants respectfully assert that the allegations in paragraph "43" of the SAC have been stricken from the case and therefore no responsive pleading is required, given the Order's determination that plaintiff's proper comparator worked in the same unit as plaintiff. See Order, at 11 & 11 n.5.

44.     Deny the allegations set forth in paragraph "44" of the SAC, and respectfully refer the Court to the H+H Position Description for the Assistant Vice President title for a complete and accurate statement of its contents.

45.     Deny the allegations set forth in paragraph "45" of the SAC, and respectfully refer the Court to the H+H Position Description for the Assistant Vice President title for a complete and accurate statement of its contents.

46.     Deny the allegations set forth in paragraph "46" of the SAC.

47.     Deny the allegations set forth in paragraph "47" of the SAC, except admit that plaintiff had multiple responsibilities as an Assistant Vice President in Finance/Managed Care.

48.     Deny the allegations set forth in paragraph "48" of the SAC.

49.     Deny the allegations set forth in paragraph "49" of the SAC, except admit that Anantharam did not take discriminatory action with respect to his subordinates.

50.     Deny the allegations set forth in paragraph "50" of the SAC, except admit that plaintiff was assigned to Finance for less than three years.

51.     Deny the allegations set forth in paragraph "51" of the SAC, except admit that plaintiff began working in Finance in or about November 2015.

52.     Deny the allegations set forth in paragraph "52" of the SAC, except admit that multiple persons, some of whom self-identified as Caucasian and some of whom self-reported ages birth years later than Plaintiff, were also Assistant Vice Presidents in Finance.

53.     Deny the allegations set forth in paragraph "53" of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's professed information and belief.

54.     Defendants respectfully assert that the allegations set forth in paragraph "54" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

55.     Deny the allegations set forth in paragraph "55" of the SAC.

56.     Defendants respectfully assert that the allegations set forth in paragraph "56" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

57.     Defendants respectfully assert that the allegations set forth in paragraph "57" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

58.     Defendants do not understand the allegations set forth in paragraph "58" of the SAC and, thus, no responsive pleading is required.

59.     Deny the allegations set forth in paragraph "59" of the SAC, except admit that Ms. Zurack was a Chief Financial Officer of H+H in or about 2015.

60.     Defendants respectfully assert that the allegations set forth in paragraph "60" of the SAC have been stricken from the case, and therefore no responsive pleading is required,

given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

61.     Deny the allegations set forth in paragraph "61" of the SAC, except admit that Plaintiff was assigned multiple tasks.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the SAC, except admit that Plaintiff was assigned multiple tasks.

64.     Deny the allegations set forth in paragraph "64" of the SAC.

65.     Deny the allegations set forth in paragraph "65" of the SAC.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the SAC.

67.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph "67" of the SAC.

68.     Deny  the allegations set forth in paragraph "68" of the SAC.

69.     Deny the allegations set forth in paragraph "69" of the SAC, except admit that Mr. Anantharam was appointed Chief Financial Officer after Ms. Zurack held that position.

70.     Deny the allegations set forth in paragraph "70" of the SAC, except admit that Mr. Anantharam is of Indian family history and became Chief Financial Officer in or about 2016.

71.     Defendants respectfully assert that the allegations set forth in paragraph "71" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the SAC.

73.     Deny knowledge or information sufficient to form a belief as to  the allegations set forth in paragraph "73" of the SAC.

74.     Deny the allegations set forth in paragraph "74" of the SAC, except admit that adjustments to staff were made as needed.

75.     Deny the allegations set forth in paragraph "75" of the SAC, except admit that Mr. Anantharam held meetings throughout his tenure.

76.      Deny the allegations set forth in paragraph "76" of the SAC, except admit that various topics were discussed in meetings.

77.     Deny the allegations s set forth in paragraph "77" of the SAC.

78.     Deny the allegations set forth in paragraph "78" of the SAC.

79.     Deny  the allegations set forth in paragraph "79" of the SAC.

80.     Deny  the allegations set forth in paragraph "80" of the SAC.

81.     Defendants respectfully assert that at least some of the allegations set forth in paragraph "81" of the SAC have been stricken from the case, and therefore no responsive pleading is required, in that the Order determined that Plaintiff's only potentially proper comparator was Ms. Meagher.  As to the remaining allegations in paragraph "81," Defendants deny any discriminatory action by Mr. Anantharam, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's professed information and belief.

82.     Deny the allegations set forth in paragraph "82" of the SAC, except admit that Mr. Anantharam responded appropriately to staff.

83.    Deny the allegations set forth in paragraph "83" of the SAC, except admit that Mr. Anantharam responded appropriately to staff.

84.    Deny the allegations set forth in paragraph "84" of the SAC.

85.    Deny the allegations set forth in paragraph "85" of the SAC.

86.    Deny the allegations set forth in paragraph "86" of the SAC.

87.    Deny the allegations set forth in paragraph "87" of the SAC.

88.    Deny the allegations set forth in paragraph "88" of the SAC.

89.    Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "89" of the Complaint.

90.    Deny the allegations set forth in paragraph "90" of the Complaint.

91.    Deny the allegations set forth in paragraph "91" of the Complaint.

92.    Deny  the allegations set forth in paragraph "92" of the Complaint.

93.    Deny  the allegations set forth in paragraph "93" of the Complaint.

94.    Deny  the allegations set forth in paragraph "94" of the Complaint.

95.    Defendants respectfully assert that the allegations set forth in paragraph "95" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

96.    Defendants respectfully assert that the allegations set forth in paragraph "96" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

97.    Defendants respectfully assert that the allegations set forth in paragraph "97" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

98.    Defendants respectfully assert that the allegations set forth in paragraph "98" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

99.    Defendants respectfully assert that the allegations set forth in paragraph "99" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

100.    Defendants respectfully assert that the allegations set forth in paragraph "100" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

101.    Defendants respectfully assert that the allegations set forth in paragraph "101" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

102.    Defendants respectfully assert that the allegations set forth in paragraph "102" of the SAC have been stricken from the case, and therefore no responsive pleading is

required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

103.    Defendants respectfully assert that the allegations set forth in paragraph "103" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

104.    Defendants respectfully assert that the allegations set forth in paragraph "104" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

105.    Defendants respectfully assert that the allegations set forth in paragraph "105" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13. Further, the Order determined that Plaintiff's only appropriate potential comparator was within the same unit as Plaintiff and, thus, Plaintiff's reference to the broader unit of Finance is inappropriate. See Order, at 11

106.    Defendants respectfully assert that the allegations set forth in paragraph "106" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

107.    Defendants respectfully assert that the allegations set forth in paragraph "107" of the SAC have been stricken from the case, and therefore no responsive pleading is

required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an actionable adverse employment action. See Order, at 13.

108.    Defendants respectfully assert that the allegations set forth in paragraph "108" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's potential proper comparators did not include Mr. Melican or Ms. Katz and that Plaintiff's allegations regarding reporting structure fail to rise to the level of an adverse employment action. See Order, at 11, 13.

109.    Defendants respectfully assert that the allegations set forth in paragraph "109" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's potential proper comparators did not include Mr. Melican or Ms. Katz and that Plaintiff's allegations regarding reporting structure fail to rise to the level of an adverse employment action. See Order, at 11, 13. Responding further, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's professed information and belief.

110.    Defendants respectfully assert that the allegations set forth in paragraph "110" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's potential proper comparators did not include Mr. Melican or Ms. Katz and that Plaintiff's allegations regarding reporting structure fail to rise to the level of an adverse employment action. See Order, at 11, 13.

111.    Deny the allegations set forth in paragraph "111" of the SAC.

112.    Deny the allegations set forth in paragraph "112" of the SAC.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the SAC.

114.    Deny the allegations set forth in paragraph "114" of the SAC.

115.    Deny the allegations set forth in paragraph "115" of the SAC.

116.    Deny the allegations set forth in paragraph "116" of the SAC.

117.    Defendants respectfully assert that the allegations set forth in paragraph "117" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an adverse employment action, and given that Plaintiff's claims of retaliation were dismissed. See Order, at 11, 13, 16-17, 18.

118.    Defendants respectfully assert that the allegations set forth in paragraph "118" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an adverse employment action, and given that Plaintiff's claims of retaliation were dismissed. See Order, at 11, 13, 16-17, 18.

119.    Defendants respectfully assert that the allegations set forth in paragraph "119" of the SAC have been stricken from the case, and therefore no responsive pleading is required, given that the Order determined that Plaintiff's allegations regarding reporting structure fail to rise to the level of an adverse employment action, and given that Plaintiff's claims of retaliation were dismissed. See Order, at 11, 13, 16-17, 18.

120.    Deny the allegations set forth in paragraph "120" of the SAC, except admit that plaintiff was advised to look for new position and was given time to do so.

121.    Deny the allegations set forth in paragraph "121" of the SAC.

122.    Deny the allegations set forth in paragraph "122" of the SAC.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the SAC.

124.    Deny the allegations set forth in paragraph "124" of the SAC.

125.    In response to the allegations set forth in paragraph "125" of the SAC, Defendants deny that any manager was subjected to discriminatory treatment.

126.    Defendants respectfully assert that the allegations set forth in paragraph "126" of the SAC have been stricken from the case, and therefore no responsive pleading is required, and Defendants respectfully refer the Court to the Order, at 9-10.

127.    Deny the allegations set forth in paragraph "127" of the SAC

128.    Deny the allegations set forth in paragraph "128" of the SAC.

129.    Deny the allegations set forth in paragraph "129" of the SAC.

130.    Deny the allegations set forth in paragraph "130" of the SAC.

131.    Deny the allegations set forth in paragraph "131" of the SAC.

132.    Deny the allegations set forth in paragraph "132" of the SAC.

133.    Deny the allegations set forth in paragraph "133" of the SAC.

134.    Deny the allegations set forth in paragraph "134" of the SAC.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the SAC.

136.    Deny the allegations set forth in paragraph 136" of the SAC.

137.    Deny the allegations set forth in paragraph "137" of the SAC.

138.    Deny the allegations set forth in paragraph "138" of the SAC.

139.    Deny the allegations set forth in paragraph "139" of the SAC.

140.    Deny the allegations set forth in paragraph "140" of the SAC.

141.    Deny the allegations set forth in paragraph "141" of the SAC.

142.    Admit the allegations set forth in paragraph "142" of the SAC.

143.    Deny the allegations set forth in paragraph "143" of the SAC, except admit that plaintiff's employment was terminated.

144.    Deny the allegations set forth in paragraph "144" of the SAC.

145.    Deny the allegations set forth in paragraph "145" of the SAC, except deny knowledge or information sufficient to form a belief as to what Plaintiff purportedly "receive[d]."

146.    In response to the allegations in paragraph "146" of the SAC, Defendants admit that Plaintiff was terminated in January 2018, and respectfully refer the Court to the Order, at 11, which held that Plaintiff had only identified one potentially proper comparator, and Defendants further admit that this comparator was not terminated in January 2018.

147.    In response to the allegations set forth in paragraph "147" of the SAC, Defendants admit that Plaintiff was terminated in January 2018, and respectfully refer the Court to the Order, at 11, which held that Plaintiff had only identified one potentially proper comparator, and Defendants further admit that this comparator was not terminated in January 2018.

148.    Defendants respectfully assert that the allegations in paragraph "148" of the SAC were stricken, and respectfully refer the Court to the Order, wherein the Court dismissed Plaintiff's claims of retaliation. See Order, at 15-17, 18.

149.    Defendants respectfully assert that the allegations in paragraph "149" of the SAC were stricken, and respectfully refer the Court to the Order, wherein the Court dismissed Plaintiff's claims of retaliation. See Order, at 15-17, 18.

150.    Defendants respectfully assert that the allegations in paragraph "150" of the SAC were stricken, and respectfully refer the Court to the Order, wherein the Court dismissed Plaintiff's claims of retaliation.  See Order, at 15-17, 18.

151.    Defendants respectfully assert that the allegations in paragraph "151" of the SAC were stricken, and respectfully refer the Court to the Order, wherein the Court dismissed Plaintiff's claims of retaliation.  See Order, at 15-17, 18.

152.    Deny the allegations set forth in paragraph "152" of the SAC.

153.    Deny the allegations set forth in paragraph "153" of the SAC.

154.    Deny the allegations set forth in paragraph "154" of the SAC.

155.    Deny the allegations set forth in paragraph "155" of the SAC.

156.    Deny the allegations set forth in paragraph "156" of the SAC.

157.    Deny the allegations set forth in paragraph "157" of the SAC.

158.    Deny the allegations set forth in paragraph "158" of the SAC.

159.    Deny the allegations set forth in paragraph "159" of the SAC.

160.    Deny the allegations set forth in paragraph "160" of the SAC.

161.    Deny the allegations set forth in paragraph "161" of the SAC.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the SAC.

163.    In response to the allegations set forth in paragraph "163" of the SAC, Defendants repeat and re-allege their responses to paragraphs "1" through "162," as if set forth fully herein.

164.    Deny the allegations set forth in paragraph "164" of the SAC, except admit Plaintiff was terminated and that Mr. Melican has self-identified as White.

165.    Deny the allegations set forth in paragraph "164" of the SAC, except admit that Plaintiff was terminated and that Mr. Melican has self-identified as White.

166.    Deny the allegations set forth in paragraph "166" of the SAC.

167.    Deny the allegations set forth in paragraph "167" of the SAC.

168.    Deny the allegations set forth in paragraph "168" of the SAC.

169.    Deny the allegations set forth in paragraph "169" of the SAC.

170.    Deny the allegations set forth in paragraph "170" of the SAC.

171.    Deny the allegations set forth in paragraph "171" of the SAC.

172.    In response to the allegations set forth in paragraph "172" of the SAC, Defendants repeat and re-allege their responses to paragraphs "1" through "171," as if set forth fully herein.

173.    Deny the allegations set forth in paragraph "173" of the SAC.

174.    Deny the allegations set forth in paragraph "174" of the SAC.

175.    Deny the allegations set forth in paragraph "175" of the SAC.

176.    Deny the allegations set forth in paragraph "176" of the SAC.

177.    Deny the allegations set forth in paragraph "177" of the SAC.

178.    Deny the allegations set forth in paragraph "178" of the SAC.

179.    Deny the allegations set forth in paragraph "179" of the SAC.

180.    Deny the allegations set forth in paragraph "180" of the SAC.

181.    In response to the allegations set forth in paragraph "181" of the SAC, Defendants repeat and re-allege their responses to paragraphs "1" through "180," as if set forth fully herein.

182.    Deny the allegations set forth in paragraph "182" of the SAC, except admit that Plaintiff was terminated and that Mr. Melican has self-identified as White.

183.    Deny the allegations set forth in paragraph "183" of the SAC, except admit that Plaintiff was terminated and that Mr. Melican has self-identified as White.

184.    Deny the allegations set forth in paragraph "184" of the SAC, except admit that Plaintiff was terminated.

185.    Deny the allegations set forth in paragraph "185" of the SAC.

186.    Deny the allegations set forth in paragraph "186" of the SAC.

187.    Deny the allegations set forth in paragraph "187" of the SAC.

188.    Deny the allegations set forth in paragraph "188" of the SAC.

189.    Deny the allegations set forth in paragraph "189" of the SAC.

190.    In response to the allegations set forth in paragraph "190" of the SAC, Defendants repeat and re-allege their responses to paragraphs "1" through "189," as if set forth fully herein.

191.    Deny the allegations set forth in paragraph "191" of the SAC.

192.    Deny the allegations set forth in paragraph "192" of the SAC.

193.    Deny the allegations set forth in paragraph "193" of the SAC.

194.    Deny the allegations set forth in paragraph "194" of the SAC.

195.    Deny the allegations set forth in paragraph "195" of the SAC.

### AS AND FOR A FIRST DEFENSE

196.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

197.    Defendants are shielded from suit, in whole or in part, by the doctrines of absolute immunity, qualified immunity, common law immunity, judicial immunity, or any combination of these doctrines.

## AS AND FOR A THIRD DEFENSE

198.    All actions taken by Defendants with respect to Plaintiff were taken in good faith, without malice, for non-discriminatory and non-retaliatory, legitimate business reasons.

## AS AND FOR A FOURTH DEFENSE

199.    Defendants have not violated any rights, privileges or immunities of the Plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

## AS AND FOR A FIFTH DEFENSE

200.    Any damages sustained by Plaintiff were caused by Plaintiff's own negligent or otherwise culpable conduct.

## AS AND FOR A SIXTH DEFENSE

201.    Subject to proof of discovery, plaintiff has failed to mitigate her damages, if any.

## AS AND FOR A SEVENTH DEFENSE

202.    The SAC may be barred, in whole or in part, by applicable statutes of limitations.

## AS AND FOR AN EIGHTH DEFENSE

203.    The SAC may be barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## AS AND FOR A NINTH DEFENSE

204. The SAC's request for punitive damages is barred at least in part because such damages are not available against a governmental entity.

## AS AND FOR A TENTH DEFENSE

205. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendants to employees or to otherwise avoid harm.

## AS AND FOR A ELEVENTH DEFENSE

206. The conduct complained of in the SAC consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences.

## AS AND FOR A TWELFTH DEFENSE

207.    The allegations in the SAC are barred in part by the Order and by prior decisions in this case.

**WHEREFORE**, Defendants respectfully requests that this Court enter an order and judgment dismissing the SAC, denying all relief requested, entering judgment for Defendants, and granting Defendants costs, fees, and expenses, together with such other and further relief as the Court deems to be just and proper.

Dated:      New York, New York
            May 18, 2022

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the
                              City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 2-190
                              New York, New York 10007-2608
                              (212) 356-2433
                              dsulliva@law.nyc.gov

                    By:    _____/s/_____
                              Donald C. Sullivan
                              Assistant Corporation Counsel

To:     Sandra D. Parker, Esq. (By ECF)
        *Attorney for Plaintiff*
        444 Madison Avenue, Suite 1710
        New York, New York 10022
        parkefirm@aol.com
        (212) 317-2883