# MEMO ENDORSED

LAW OFFICE OF
## SANDRA D. PARKER
110 EAST 59TH STREET - SUITE 3200
NEW YORK, NEW YORK 10022
WWW.SDP-LAW.COM

TELEPHONE 212-317-2883
FACSIMILE 212-317-1383
SPARKER@SDP-LAW.COM

October 26, 2022

**BY ECF**
Honorable Edgardo Ramos
United States District Court
40 Foley Square
New York, NY 10007

RE:   Beverley v. New York City Health and Hosp. Corp., et al.
      18 CV 08486 (ER)(KNF)

Dear Judge Ramos:

---

> Plaintiff's request for a pre-motion conference is granted and scheduled for November 10, 2022 at 4:30 p.m. via phone. The parties are instructed to call the Court at (877) 411-9748 and use access code 3029857# when prompted.  SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: October 28, 2022
> New York, New York

---

This firm represents Mauvareen Beverley, the Plaintiff in the above entitled action. Pursuant to paragraph 2.A.i of the Court's Individual Rules of Practice, Plaintiff writes to respectfully request a pre-motion conference. Plaintiff plans to file a motion requesting that the Court set a date by which Defendants must provide responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, and issue an order finding that their failure to timely respond to Plaintiff's discovery constitutes a waiver of their objections to that discovery. Defendants' failure to timely respond to the Plaintiff's discovery also has impeded Plaintiff's ability to meet the deadlines set forth in the Civil Case Discovery Plan and Scheduling Order, dated August 3, 2022 (Scheduling Order or Order).

The Scheduling Order which the Court approved, contains deadlines to which counsel for Plaintiff and Defendants agreed.[1] Contrary to what Defendants' present counsel appears to believe, those deadlines were not proposed in a vacuum. They are based of the interrelatedness of each stage of the discovery process, with each stage providing information for the parties to use and proceed in a meaningful way, with the next stage of discovery. For example, the parties are to provide documents and information, in advance of the deadline to amend the pleadings, join additional parties and serve a second set of interrogatories. Even the form scheduling order, the Court provided the parties recognizes this principle, requiring counsels' agreement or a Court order to conduct depositions before the first production of documents. Delayed discovery impedes a party's ability to meet deadlines set forth in scheduling orders. *Mason Tenders District Council of Greater New York v. Phase Construction Services, Inc.*, 318 F.R.D. 28, 37 (S.D.N.Y. 2016). By their conduct, Defendants have robbed and continue trying to rob Plaintiff of the opportunity to obtain information that will permit her to engage in meaningful discovery at each stage of the process. Accordingly, Plaintiff respectfully requests modification of the Scheduling Order. *ECF Doc. # 71.*

Defendants' responses to Plaintiff's discovery were due by October 5, 2022. However, Defendants have not produced those responses and instead proposed and now demand that Plaintiff extend their response time to the middle of November. Plaintiff is unwilling to agree to

---

[1]   At the time, Defendants were represented by a different attorney.

such an extension, since it interferes with Plaintiff's ability to complete discovery in accordance with the Scheduling Order. Furthermore, pursuant to Fed. R. Civ. P. 29(b) that extension requires the Court's approval.

By not producing the outstanding discovery responses and instead trying to delay that production until the middle of November, Defendants have prevented Plaintiff from obtaining information which will assist her in among other things, amending the complaint, joining additional parties and propounding a second set of interrogatories. Plaintiff also has not been able to conduct any depositions. In addition to directing Defendants to produce the outstanding discovery by a specific date, Plaintiff respectfully requests modification of the Scheduling Order.[2]

**Plaintiff's Effort to Meet and Confer With Defendants' Counsel Prove Futile**

Plaintiff has met her obligation of trying to resolve this matter before asking for the Court's intervention. On October 24, 2022, not having received Defendants' discovery responses, a proposed stipulation extending their response time or indication that Defendants were seeking Court approval for the extension,[3] Plaintiff asked to meet and confer with Defendants' counsel, regarding their outstanding discovery production and Plaintiff's contemplated motion to compel. *See* Exhibit 1, p. 3 annexed hereto, October 25, 2022 email exchanges between counsel for the parties. Defendants' counsel rejected the offer, ending with the statement that "I have nothing to discuss." Exhibit 1, p. 1.

The foregoing conduct of Defendants' counsel indicates that such a conference would be futile and the meet and confer requirement has been satisfied. *Mason Tenders,* 318 F.R.D. at 42 n. 16 ("Defendants' outright refusal to meet-and-confer"); *See also, Gibbons v. Smith,* 2010 WL 582354 at *2, 01 CV 1224 (S.D.N.Y. Feb. 11, 2010); *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, 2017 WL 4129644 at *2, 2017 CV 7983 (S.D.N.Y. Sept. 8, 2017).

**Defendants Failed To Provide Any Discovery Responses And Are In Default**

Pursuant to the Scheduling Order, on September 2, 2022 Plaintiff served Defendants' with her First Set of Interrogatories, First Request for Production of Documents and First Notice of Deposition. Defendants' responses to Plaintiff's discovery requests were due by October 5, 2022. Defendants have not produced their responses, and have not obtained Plaintiff's consent to extend their time to provide those responses. They also have not sought or obtained the Court's approval for the extension they seek, which will interfere with the time set for completing discovery.

---

[2] Other deadlines affected by Defendants' delayed responses include the November 18 deadline for service of the Request to Admit, and the November 23 deadline for service of expert reports. Scheduling Order ¶¶ 9 and 10.

[3] On October 18, 2022 Defendants' counsel represented that she would seek Court approval for the extension. *See* Exhibit 4, p. 1 annexed hereto, October 14, 17 and 18 email exchanges between counsel.

Defendants did grant Plaintiff a short extension until October 11, 2022 to respond to their discovery, stating at that time that Defendants may also need an extension, without proposing possible extension dates. See Exhibits 2 annexed hereto, September 20 and 22 email exchanges between counsel, and Exhibit 3 annexed hereto, September 20, 22 and October 5 email exchanges between counsel. At that time, Plaintiff indicated that based on her review of the Scheduling Order, Court approval was required to extend the response time for the first set of interrogatories.[4] See Exhibit 2, p. 1 September 22 email of Plaintiff's counsel. On October 14, Plaintiff's counsel inquired about Defendants' discovery responses, since she had not received the responses or any proposed stipulation extending the response time. See Exhibit 4, p. 2.[5] It was then that Plaintiff learned, that Defendants wanted to extend by more than a month or until November 15, their time to provide the discovery responses. Defendants did not specify a reason why they needed an extension and in particular such an extensive extension. Plaintiff declined to agree to such an extensive extension, given its interference with completion of discovery in accordance with the deadlines set forth in the Scheduling Order. Exhibit 4, p. 1. Although Defendants' counsel stated she would seek the Court's approval for the extension, she has not done so. See Exhibit 4, p. 1. She instead insists Plaintiff accept Defendants' discovery responses in "mid November." See Exhibit 1, p. 1.

Fed. R. Civ. P. 29(b) states that parties may enter stipulations extending discovery but "must have court approval if it would interfere with the time set for completing discovery . . ." In this case the parties did not enter a stipulation extending Defendants' discovery response time. *See, Ferring Pharmaceuticals, Inc. v. Serenity Pharmaceuticals, LLC*, 331 F.R.D. 75, 79 (S.D.N.Y. 2019). The extension Defendants demand would interfere and has interfered with completing discovery in this case. Therefore, Defendants are required to obtain Court approval for the extension. Yet they have refused to do so. They are in default and thereby waived any objections they may have had to that discovery. *See, Cohalan v. Gene Industries, Inc.*, 276 F.R.D. 161,164 (S.D.N.Y. 2011); *Senat v. City of New York*, 255 F.R.D. 338, 340 (E.D.N.Y. 2009); Fed. R. Civ. P. 33(b)(4). For the foregoing reasons, Plaintiff respectfully requests a pre-motion conference to address Plaintiff's proposed motion to compel and request to modify the Scheduling Order.

Respectfully,

Sandra D. Parker
SDP:mm

cc:   Rodianna Katsaros, Esq. (By ECF)

---

[4] For that reason, and notwithstanding the extension, Plaintiff served her interrogatory responses within the 30 day time period she believes the Scheduling Order requires.

[5] Defendants' counsel states she emailed the proposed stipulation on October 3. Plaintiff's counsel did not receive the email. Counsel also did not receive the proposed stipulation until September17.