UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MAUVAREEN BEVERLEY,

        Plaintiff,

        -against-

NEW YORK CITY HEALTH AND HOSPITALS CORP., MITCHELL KATZ, Individually and as Chief Operating Officer and President of New York City Health and Hospitals Corp., STANLEY BREZENOFF, Individually and as Interim Chief Operating Officer and President of New York City Health and Hospitals Corp., PLACHIKKAT V. ANANTHARAM, Individually and as Chief Financial Officer of New York City Health and Hospitals Corp,

        Defendants.

18-CV-08486 (ER)

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties to this action have sought certain documents and/or information from each other in discovery in this action, documents which the parties deem to be confidential; and

WHEREAS, the parties object to the production of those documents and information unless appropriate protection for the confidentiality of the information contained therein is assured; and

WHEREAS, such an Order will allow the parties in this action to conduct and respond to discovery expeditiously, without fear that disclosure of privileged or protected information will waive such privilege or protection in this or any other proceeding,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and

between the parties, as follows:

Confidential Information In General

1. As used herein, "Confidential Information," means any information of any type, kind or character which is designated "Confidential" by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information revealed during a court proceeding or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information.

Use of Confidential Information In General

2. Neither the parties, nor their attorneys or anyone else receiving such Confidential Information as provided herein shall use the Confidential Information for any purpose other than for the preparation or presentation of their case in this action.

3. Neither a party nor counsel in receipt of Confidential Information shall disclose Confidential Information to any person except under the following conditions:

   a. Disclosure before trial may be made only to (i) the receiving counsel's staff, (ii) an expert who has been retained or specially employed by counsel in anticipation of litigation or preparation of this action (including consulting experts), (iii) a third party witness who authored or was a designated recipient of a document containing confidential information, or a witness not under the disclosing party's control at deposition (as provided for below) (iv) the Court (as provided for below) or (v) at the trial (or another hearing) of this action (as provided for below), wherein for all cases the disclosure of such information is deemed necessary to the investigation of

       the matters relevant to this action, presentation of such testimony, or the legal issues pertinent to this action;

b. Disclosure to an individual not listed in subparagraph 3(a) above may be made provided the person being deposed signs the exhibit to the confidentiality agreement and agrees to be bound by its terms. In the event a conflict arises between the parties as to whether a party may show Confidential Information to an individual not listed in subparagraph (a) above, the receiving party agrees not to do so until such time as the parties can obtain a ruling from the Court in this regard; and

c. Before any disclosure is made to a person listed in subparagraph 3(a) above (other than to the Court), counsel in receipt of Confidential Information shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Information for any purpose other than in connection with the preparation, presentation or defense of this case and not to further disclose the Confidential Information except in testimony given in this case. The signatory shall further agree to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. The signed consent shall be retained by the applicable attorney and a copy shall be furnished to opposing counsel upon request. Any consent forms signed by consulting experts may be redacted upon disclosure to the supplying party's attorneys.

4. Confidential Information shall not be copied or reproduced except for use in this action, and shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" as appropriate. All copies or reproductions of Confidential Information shall be kept under the control of the persons described in paragraph 3.

Designation of Confidential Information In General

5. Material (including responses to Interrogatories and court filings) shall be designated as "Confidential" by placing or affixing on such material a "CONFIDENTIAL" notice, or, in the case of materials to be produced for inspection, or testimony, otherwise identifying them as "Confidential Information."

6. Any such notice which is inadvertently omitted during document production or inspection may be corrected by written notification to counsel within 20 days of production.

7. Deposition or hearing testimony may be designated as "Confidential Information" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to counsel within 30 days of receipt of the transcript.

8. Deposition exhibits and exhibits to Court filings which are deemed "Confidential Information" shall be so designated by stamping the exhibit accordingly.

9. Any transcript or exhibit designated as "Confidential" shall be separately bound and the "CONFIDENTIAL" designation shall be marked conspicuously on the cover.

10. If designation occurs after receipt of the transcript, then each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. To the extent required to be consistent with the provisions of this Stipulation and Protective Order, persons not entitled to have access to Confidential Information may be excluded from any proceeding where it is being discussed.

Disputes

11. If anyone objects to discovery materials being considered Confidential Information, the Party shall state the objection by letter to counsel. If the Parties are unable to resolve the objection, any Party may move the Court for an Order that the challenged information does not qualify as Confidential Information. Until the Court rules on the objection, the disputed information shall be treated as Confidential Information.

Depositions

12. Persons attending depositions taken in this action at which Confidential Information or any information contained therein is identified, discussed or disclosed shall be limited to the Parties, the Court reporter, the deponent, counsel for the deponent, counsel for the Parties and any representative of the Parties who are bound by the terms of this Stipulation and Confidentiality Agreement and such other persons identified herein. If any Confidential Information is to be used during the deposition of a non-Party witness, the deponent shall be given a copy of the Consent Form prior to the deposition or prior to the time said non-Party witness is provided with the Confidential Information, advised that he or she is bound by the terms thereof, and requested to sign the Consent Form. In the event the deponent elects not to execute the Consent Form, the court reporter will be directed not to provide a copy of the deposition transcript to the deponent for review, but shall require the deponent to come to the court reporter's office to

review the transcript. The deponent will not be allowed to make a copy of the transcript. In addition, the court reporter is prohibited from providing a copy to the deponent of any Confidential Information contained in exhibits to the deposition.

13. Deposition testimony concerning any Confidential Information which reveals the contents of such information shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Information within the meaning of this Stipulation and Protective Order.

14. Transcripts of depositions shall be given the protections afforded Confidential Information under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the parties an opportunity to designate information contained in that transcript as Confidential Information.

Filings with the Court

15. If any paper that incorporates any Confidential Information or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order.—This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

Court Proceedings

16. Subject to the applicable rules of evidence, Confidential Information may be disclosed at trial or at a hearing in open court. Nothing in this Order shall operate as an admission by any party that any particular discovery information is or is not admissible in evidence at the trial of this action. The parties shall take appropriate steps to preserve the confidentiality of the information.

Termination of this Case

17. The confidential nature of all information subject to this Stipulation and Protective Order shall continue, and this Stipulation and Protective Order shall remain in full force and effect, after the termination of this case (including any related appeals). Within 90 days of the termination of this case, the parties and persons in receipt of Confidential Information shall return all Confidential Information they had received (including all copies), to counsel for the party or parties that had produced the Confidential Information or destroy the Confidential Information they received. Notwithstanding the above, the parties' counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided these retained documents and the Confidential Information contained therein will continue to be treated as Confidential Information.

Subpoena or Compulsory Process

18. If a party or counsel has obtained Confidential Information under the terms of this Stipulation and Protective Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, the subpoenaed party shall promptly notify the supplying party. The subpoenaed party or counsel will not object to the supplying party having a reasonable opportunity to appear in the litigation or process

commanding disclosure of the supplying party's Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

Enforcement-Jurisdiction-Breach

19. If Confidential Information under the terms of this Order is disclosed to any person other than one entitled to disclosure in the manner authorized under this Order, the party responsible for the unauthorized disclosure shall immediately upon learning of such disclosure inform the party that made the designation of confidentiality in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further unauthorized disclosure of the Confidential Information.

20. Notwithstanding the foregoing, counsel are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Confidential Information under the terms of this Order.

21. For the purposes of this Stipulation only, the Parties and parties in receipt of Confidential Information agree to be subject to the jurisdiction of the Court (including, but not limited to, any dispute concerning its enforcement and/or interpretation) and to be bound by the terms of this Stipulation and Order. Notwithstanding the foregoing, in the event of a breach of this Stipulation and Confidentiality Agreement, the Parties shall be entitled to obtain injunctive relief from any court having jurisdiction to enforce the provisions hereof. This Stipulation and Confidentiality Agreement shall be interpreted in accordance with the laws of the State of New York.

Miscellaneous

22. Nothing in this Stipulation and Protective Order shall be construed to limit the use of the Confidential Information in any manner by the party who provided it.

23. Counsel for the supplying party or person may agree in writing to any specific disclosure of Confidential Information (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Agreement as to the use of that document or thing.

24. This Stipulation and Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Stipulation and Protective Order, nor the designation of any information or document as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Nothing herein shall be construed as an agreement or admission: (a) that any information, document, or the like designated as Confidential Information or the like by an opposite party is in fact confidential or a trade secret; or (b) with respect to the competency, relevance or materiality of any information, document.

25. No disclosure of Confidential Information (or any information contained therein), whether intentional or inadvertent, shall be deemed to waive any of the rights provided herein or at law, including claims and assertions of privilege and/or relevancy, except as provided above. Disclosure of Confidential Information for one purpose does not constitute a waiver for any other purposes

26. This Stipulation and Protective Order may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously on the same document.

27. The Parties shall jointly submit a fully-executed Stipulation and Protective Order to the Court for approval and entry as an Order of the Court.

Dated: New York, New York
November 4, 2022

Sandra D. Parker
LAW OFFICE OF SANDRA D. PARKER
110 East 59th Street, Suite 3200
New York, NY 10022
Tel: (212) 317-2883
parkefirm@aol.com

Donald C. Sullivan

~~Rodianna Katsaros~~ Donald C. Sullivan
New York City Law Department
Labor and Employment Law Division
Attorneys for Defendants
100 Church Street,
New York, New York 10007
W: (212) 356-~~2464~~ 2433
~~rkatsaro@law.nyc.gov~~
dsulliva@law.nyc.gov

Dated: New York, New York
November 14, 2022

Edgardo Ramos, U.S.D.J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MAUVAREEN BEVERLEY,

           Plaintiff,

18-CV-08486 (ER)

    -against-

**STIPULATION AND PROTECTIVE ORDER**

NEW YORK CITY HEALTH AND HOSPITALS CORP., MITCHELL KATZ, Individually and as Chief Operating Officer and President of New York City Health and Hospitals Corp., STANLEY BREZENOFF, Individually and as Interim Chief Operating Officer and President of New York City Health and Hospitals Corp., PLACHIKKAT V. ANANTHARAM, Individually and as Chief Financial Officer of New York City Health and Hospitals Corp,

           Defendants.
----------------------------------------------------------X

## EXHIBIT A

      I hereby acknowledge that I have read the So-Ordered Stipulation and Protective Order entered in the Southern District of New York, on _____, 20\_\_, in the action *Beverley v. New York City Health and Hospitals Corp. et. al*, 18-CV-08486 and understand the terms thereof.

      I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

      I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, noted, and summaries that are or were maintained in any form, including but not limited to any computer hard drive,

diskette, CD-ROM, or other electronic storage device must be either destroyed or returned at the conclusion of this matter.

_____          _____
Date                                                                Signature

                                                                _____
                                                                Print Name