MBA5bevC                        phone conference

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   -------------------------------x

3   MAUVAREEN BEVERLEY,

4                   Plaintiff,

5            v.                          18 Civ. 8486 (ER)
                                         Remote Proceeding
6   NEW YORK CITY HEALTH AND
    HOSPITALS CORP., et al.
7
                    Defendants.
8
    -------------------------------x
9                                        New York, N.Y.
                                         November 10, 2022
10                                       4:30 p.m.

11  Before:

12                    HON. EDGARDO RAMOS,

13                                       U.S. District Judge

14
                           APPEARANCES
15

16  LAW OFFICE OF SANDRA D. PARKER
         Attorneys for Plaintiff
17  BY:  SANDRA D. PARKER

18  SYLVIA HINDS-RADIX
         Corporation Counsel for the City of New York
19  BY:  DONALD C. SULLIVAN
         Assistant Corporation Counsel
20

21

22

23

24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

MBA5bevC                            phone conference

1          (Case called; The Court and all parties appearing

2    telephonically)

3          THE DEPUTY CLERK:  Counsel, please state your name for

4    the record, starting with counsel for plaintiff.

5          MS. PARKER:  Good afternoon, your Honor.  This is

6    Sandra Parker for the plaintiff.

7          THE DEPUTY CLERK:  Counsel for defendant.

8          MR. SULLIVAN:  Good afternoon, your Honor.  This is

9    Donald Sullivan from the Office of the Corporation Counsel, the

10   defendants.

11         THE COURT:  Good afternoon to you all, this matter is

12   on for a conference.  I note for the record that it is being

13   conducted by telephone.

14         Ms. Parker, let me begin with you.  It appears as

15   though the reason for this conference may be moot but maybe not

16   so why don't you tell me what the status is.

17         MS. PARKER:  Well, the status, the issue has not been

18   resolved, your Honor.  I have had representations made with

19   regard to producing discovery.  You will note that Mr. Sullivan

20   is new counsel, I believe that his colleague is attending to

21   another matter so he just came on board a few days ago, and

22   there has been no modification of the position that they've

23   taken with regard to the issues that I raise in my pre-motion

24   letter as indicated in the letter of Ms. Katsaros that the

25   pre-motion should not go forward and that we should work on

MBA5bevC                          phone conference

1    things and raise issues about modifying the schedule at some

2    later date.

3            The reason it has not been resolved, your Honor, is

4    because my understanding is, and Mr. Sullivan has not indicated

5    otherwise to me during any of our discussions, that they still

6    made their position that they want to produce the documents and

7    information, possibly by November 15.  I haven't gotten a firm

8    date on that but that's a date that's been put out.  Assuming

9    for the moment that that date they will keep as a deadline and

10   produce documents, what has happened is the deadline for

11   joinder of issues and amending the complaint has expired, it

12   expired during the time frame when I would have had those

13   documents and information and possibly provided me with

14   whatever information might have been useful to either join

15   additional parties or amend the complaint.  In addition to

16   that, there are other discovery deadlines that have passed.

17   For example, for the second set of interrogatories, again, had

18   I had those had documents and information I would have been

19   able to use them to fashion additional interrogatory responses

20   or at least make the determination whether that approach would

21   have been feasible.  Next you have the November 18th request to

22   admit deadline and you have the expert deadline on November

23   23rd.

24           So, to a certain extent it has not been resolved in

25   that we need your Honor's consent and approval with regard to

MBA5bevC                          phone conference

1    anything that we propose.  I have been proposing that we come

2    to the Court with a proposal since October 14th and I haven't

3    gotten anywhere with Mr. Sullivan's predecessor.  So, to that

4    extent, it has not been resolved.

5          The other aspect of my pre-motion conference request,

6    your Honor, has to do with what I believe is clear and blatant

7    waiver of objections to my discovery request.  There were

8    discussions had, I indicated a willingness to provide an

9    extension on the condition that we seek your Honor's approval

10   and get corresponding modification of the scheduling order

11   because the extension would, and has impeded the plaintiff from

12   doing the type of discovery she needs to do within the time

13   frame set forth in that order.  So that issue also needs to be

14   addressed as well.

15         THE COURT:  Mr. Sullivan?

16         MR. SULLIVAN:  Thank you, your Honor.  I appreciate

17   the time.

18         Ms. Parker has noted that I am recently on the case.

19   Actually I supervise Ms. Katsaros, who is primarily responsible

20   for the case as I noted, and unfortunately Ms. Katsaros has

21   been out of the office due to a family emergency which has

22   impeded our efforts here.  Ms. Katsaros herself was recently

23   assigned the case when the prior ACC took a position at a prior

24   firm so that has held us up a little bit.

25         My understanding is that Ms. Katsaros had approached

1   Ms. Parker to try and work out the concept of a discovery

2   extension but our thought at the time was that we would be able

3   to produce documents by mid-November and then the parties would

4   have an opportunity to evaluate whether we needed additional

5   time for depositions.  The fact discovery ends December 31st so

6   we have collected a large volume of material from our clients

7   and we would, I am prepared to start responses.  We had

8   represented to Ms. Parker that we had hoped to have them in by

9   November 15th in light of my colleague Ms. Katsaros' absence

10  beyond her control.  I am going to ask your Honor for more

11  time.  I did speak with plaintiff's counsel on an unrelated

12  issue unrelated to this conference earlier in the week and I

13  raised the possibility then but her thought at that point was

14  she wanted to have the conference and discuss these issues with

15  your Honor.

16          THE COURT:  OK.  So, Mr. Sullivan, let me ask, are you

17  guys or are you geared up now and sufficiently staffed up to

18  begin to engage in discovery earnestly.

19          MR. SULLIVAN:  Yes, your Honor.  And I don't mean to

20  misrepresent, I don't mean to misstate.  We have been

21  diligently fulfilling our discovery obligations, it is just

22  that we are not in position at the moment to turn over

23  responses.  We had hoped, as we said, as Ms. Parker had said,

24  we had hoped to have such responses out around mid-November.

25  That's not feasible at this point and I would respectfully

MBA5bevC                        phone conference

1    request that we have until the end of December for that.  I am

2    hopeful that my colleague will be back, certainly if she is out

3    for any extended period we will make arrangements that need to

4    be done to have the case properly defended in her absence.

5              THE COURT:  Ms. Parker, do you have an objection to

6    that?

7              MS. PARKER:  No, your Honor, I don't have an objection

8    but there are deadlines, three deadlines I would like to have

9    addressed and modified in light of this extensive deadline that

10   counsel is requesting.  I certainly understand, I have been on

11   the other side where things happen and you just can't meet

12   those deadlines, but I just don't want to forego the

13   opportunity to deal with joinder, amendment, and other

14   subsequent deadlines.

15             So, my response is I'm agreeable to that provided

16   there are some modification of the deadlines in the scheduling

17   order to reflect that extension.

18             THE COURT:  That sounds perfectly reasonable,

19   Ms. Parker, and I am sure that Mr. Sullivan will not object to

20   that.

21             MR. SULLIVAN:  I agree, your Honor.

22             THE COURT:  I had no doubt of that.  Why don't you

23   folks do this.  We will give Mr. Sullivan until the end of

24   December to comply with the document production and you folks

25   just add whatever time you feel you need to the other deadline

1    so that Ms. Parker and her client are not prejudiced by

2    defendant's delay in getting those documents to her.  I will

3    agree, I will sign off on whatever you folks reasonably agree

4    upon, and if that means extending the outside date of discovery

5    filed by another month or two, I am very happy to do that.  I

6    am sure you can do it on consent and once you do that, present

7    it to me and I will so order it.

8            Does that sound like a plan, Ms. Parker?

9            MS. PARKER:  It does.

10           Your Honor, what about the issue of waiver?

11           THE COURT:  I think that, you know, we are not there

12   yet, Ms. Parker.  I think the discovery plan was actually

13   executed in August, only three months have passed.  You can

14   brief it but, you know, my inclination is to not impose

15   sanctions of that type in this case, not on the facts before

16   me.  So, I don't think we should do that route.  OK?

17           MS. PARKER:  Thank you, your Honor.

18           THE COURT:  OK.  So then you two talk and if you could

19   get me a proposed amended discovery schedule by end of day

20   Monday, that would be appreciated.

21           Do you foresee any problem with that, Ms. Parker?

22           MS. PARKER:  No, your Honor.

23           THE COURT:  Mr. Sullivan?

24           MR. SULLIVAN:  That should work, your Honor.  My only

25   concern is I don't want to speak for Ms. Parker, I know that I

MBA5bevC                        phone conference

1    won't be in the office tomorrow so assuming we will be able to

2    touch base on Monday.

3            THE COURT:  That's why I gave you until Monday.

4            MR. SULLIVAN:  I appreciate that.

5            THE COURT:  OK?

6            MR. SULLIVAN:  OK.

7            THE COURT:  Very well.  And Mr. Sullivan, I also just

8    want to note, whether Ms. Katsaros is back or not, I certainly

9    appreciate the exigencies of a family emergency but if she's

10   not around, then someone else has to be assigned to this and

11   someone that will be able to comply with the discovery schedule

12   that we will be entering by the end of day Monday.  OK?

13           MR. SULLIVAN:  Absolutely understood, your Honor.

14   Thank you very much.

15           THE COURT:  OK.  We are adjourned.

16           Everyone, please stay well.

17                           o0o

18

19

20

21

22

23

24

25