**MEMO ENDORSED**

LAW OFFICE OF
**SANDRA D. PARKER**
110 EAST 59TH STREET - 22ND FLOOR
NEW YORK, NEW YORK 10022
WWW.SDP-LAW.COM

TELEPHONE 212-317-2883
FACSIMILE 212-317-1383
SPARKER@SDP-LAW.COM

December 7, 2023

**BY ECF**
Honorable Edgardo Ramos
United States District Court
40 Foley Square
New York, NY 10007

> Defendant is directed to respond by December 13, 2023. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: 12/10/2023
> New York, New York

RE:   Beverley v. New York City Health and Hosp. Corp., et al.
      18 CV 08486 (ER)

Dear Judge Ramos:

     This firm represents Mauvareen Beverley, the Plaintiff in the above entitled action. Pursuant to paragraph 2.A.i of the Court's Individual Rules of Practice, Plaintiff writes to respectfully request a pre-motion conference, in connection with her request to file a motion compelling Defendants to fulfill their discovery obligations by: (a) producing witnesses with knowledge regarding the subjects described in Plaintiff's Rule 30(b)(6) Notice of Deposition; and (b) producing the documents deponents identified during their depositions, which are relevant and necessary to proper prosecution of the claims raised in this action.

     Upon being served with Plaintiff's Rule 30(b)(6) deposition notice, Defendants interposed no objection to the notice, and in particular to the subjects listed in the notice. Defendants instead requested time to identify and produce witnesses with knowledge of the listed subject matters.[1] After obtaining time to identify and produce knowledgeable witnesses, Defendants produced only two witnesses to testify regarding some, but not all the subjects listed in the notice, and now refuse to produce further witnesses. Defendants also failed to make full and complete production of relevant documents deponents identified during their depositions, despite requesting and receiving extensions of time by which to do so.

     The foregoing issues remain unresolved, despite several meet and confer conferences and email communications, to resolve them, with the last conference taking place on November 16, 2023. The parties also exchanged communications on the issues following that conference, specifically on November 17, 2023 and on December 5, 2023, with no positive results.

### Defendants' Refusal To Produce Rule 30(b)(6) Witnesses

     A corporate party served with a Rule 30(b)(6) deposition notice has the affirmative duty to produce for the deposition "'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." *Reilly v. NatWest Markets Grp. Inc.*, 181 F. 3d 253, 268 (2d Cir. 1999). Where the witness, the corporate party designates to testify lacks personal knowledge regarding the subject set forth in the deposition notice, it has the obligation

---

[1]   A copy of the Notice of Deposition is annexed hereto as Exhibit 1.

to properly prepare the designated witnesses "so that they can give knowledgeable answers." *Spanski Enters., Inc. v. Telewizja Polska, S. A*, 2009 WL 3270794 at *3, 07 CV 930 (S.D.N.Y. Oct. 13, 2009); *Alheid v. Target Corp.*, 2017 WL 4174929 at * 1, 16 CV 6980 (S.D.N.Y. Aug. 29, 2017).

On September 6, 2023, Defendants produced David Silvestri (Silvestri) to testify regarding the medical necessity, medical necessity denials and appeals functions performed by Central Office Finance (Finance) from 1/2014 to the present (Deposition Topics c and d) and regarding physician advisors (Deposition Topic m). However, Silvestri's knowledge and ability to testify regarding medical necessity were limited to the period beginning in June 2018, when he began working for Defendants as an intern. See, Exhibit 2, Silvestri Deposition Transcript at 65:12-25, 66:1-5; 73:6-17. Defendants acknowledged the insufficiency of his testimony and specifically represented that they would address that insufficiency by producing someone with knowledge covering the period before June 2018. See, Exhibit 2 at 61:18-24. They now refuse to produce any such witness. Medical necessity, medical necessity denials and appeals were part of the duties Plaintiff performed before being terminated in January 2018 allegedly due to a purported reorganization that began in 2017. How those functions were performed and the effect any alleged reorganization or changes may have had on those functions, including the alleged elimination of Plaintiff's position are relevant in this case, and Defendants should produce a witness with that knowledge. *Alheid*, 2017 WL 4174929 at * 2.

Despite asking for and obtaining time to identify and locate witnesses to testify regarding the remaining subjects listed in the notice, Defendants also refuse to produce those witnesses. They conditioned the production of witnesses, on Plaintiff's counsel agreeing to their demand that she not ask the witnesses certain questions during the depositions. Plaintiff's counsel refused to agree to their demand.[2] Defendants also argued for the first time, that the subjects listed in the notice were allegedly too broad.[3] When Plaintiff's counsel invited Defendants to indicate how the subjects should be limited, he refused to do so.

In addition to the medical necessity subjects discussed above, Plaintiff seeks to depose persons with knowledge regarding: (1) Finance's budgetary information, organizational changes and restructuring for the period 2017 to present—Deposition Topics: a. b. f. g and h.; and (2)

---

[2] Following the meet and confer conference where Defendants' counsel made the foregoing demand, he sent Plaintiff's counsel an email to allegedly "clarify" that he was not making the demand and was "continuing to review [Plaintiff's] requests." Yet, Defendants have not identified any witnesses nor produced any witnesses for depositions.

[3] Defendants had the notice for several months, never objecting to the notice until Plaintiff pressed them for production of the witnesses. They waived of any objections they may have had to the notice. *See, Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011); *Eldaghar v. City of New York Department of Citywide Administrative Services*, 2003 WL 22455224 at * 1, 02 CV 9151 (S. D. N.Y. Oct. 28, 2003).

(2) Finances' clinical documentation and revenue cycle functions and initiatives from 1/1/2014 to the present—Deposition Topics i, j, k and l. These subjects are relevant to the clinical documentation and revenue cycle functions Plaintiff performed during her tenure with Defendants and the alleged reorganization of those functions that purportedly resulted in the elimination of Plaintiff's position. They are the proper subjects of the notice of deposition and Defendants should comply with the notice. *Alheid*, 2017 WL 4174929 at *2 (rejecting defendants' demand that plaintiff pursue discovery through means other than a Rule 30(b)(6) deposition).

**Defendants' Insufficient Document Production**

During the depositions of various witnesses certain relevant documents were identified, which Plaintiff requested Defendants produce. Again Defendants requested time in which to do so, but failed to make full and complete production of the requested documents. They did not produce: (1) the 2017-2019 Finance budget (Request 3); documents showing the Finance position-lines eliminated or added for 2017-2018 (Request 5); Huron related communications (Request 7)— See Exhibit 3 annexed hereto, Anantharam Documents; and (2) the duties and responsibilities of certain new Finance employees (Request 5)—See Exhibit 4 annexed hereto, Melican Documents. During the November 16 meet and confer conference, Defendants represented that on November 22, 2023 they would finally respond to the Silvestri deposition identified documents requests— See Exhibit 5 annexed hereto, Silvestri Documents. They failed to do so. Defendants further represented that they would supplement their responses to the document requests, but have not done so. Their response to the Villaneuva identified documents also is outstanding. See Exhibit 6 annexed hereto, Villaneuva Documents. Defendants also did not respond to Plaintiff's December 5, 2023 email inquiry regarding the outstanding documents.[4] The documents Plaintiff seeks are needed for the proper prosecution of Plaintiff's claims and should be produced. *Amimon, Inc. v. Shenzehn Hollyland Tech Co., Ltd.*, 2023 WL 2478159 at *21, 20 CV 9170 (S.D.N.Y. Mar. 13, 2023).

For the foregoing reasons, Plaintiff respectfully requests that the Court schedule a pre-motion conference to address Plaintiff's proposed motion to compel Defendants' production of witnesses to testify regarding the subjects listed in Plaintiff's Rule 30(b)(6) deposition notice and to produce the outstanding documents.

Respectfully,

Sandra D. Parker
SDP:mm

cc: Rene Macioce, Esq. (By ECF)

---

[4] That was the case until approximately 4:33 p.m. today, when Defendants' counsel sent an email regarding the alleged press of other cases and now promising to provide something next week. This is the type of dilatory conduct in which Defendants have engaged throughout this case, which has impeded Plaintiff's efforts to conduct and complete discovery.