UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MAUVAREEN BEVERLEY,

                                    Plaintiff,

    -against-

                                                                                18  CV 08486 (ER)

NEW YORK CITY HEALTH AND
HOSPITALS CORP., MITCHELL
KATZ, Individually and as Chief Operating
Officer and President of New York City Health
and Hospitals Corp., STANLEY BREZENOFF,
Individually and as Interim Chief Operating
Officer and President of New York City Health
and Hospitals Corp., PLACHIKKAT V.
ANANTHARAM, Individually and as Chief
Financial Officer of New York City Health and
Hospitals Corp.,

                                    Defendants.
----------------------------------------------------------------x

                PLAINTIFF'S MEMORANDUM OF LAW
                IN SUPPORT OF MOTION TO COMPEL
                PRODUCTION OF RULE 30(b)(6) WITNESSES
                AND DOCUMENTS IDENTIFIED DURING
                DEPOSITIONS OF THE DEFENDANTS

                LAW OFFICE OF SANDRA D. PARKER
                110 East 59th Street, 22nd Floor
                New York, New York 10022
                (212) 317-2883
                Attorney for Plaintiff

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES..................................................................................................ii

STATEMENT OF THE CASE..............................................................................................1

    I.      The Procedural History Of The Case........................................................................1

    II.     The New Discovery Issues........................................................................................3

          A.     Defendants' Refusal To Produce Rule 30(b)(6) Witnesses.........................3

          B.     Plaintiff's Rule 30(b)(6) Notice of Deposition............................................4

          C.     Defendants' Waiver Of Objections And Refusal
                  To Produce The Rule 30(b)(6) Witnesses....................................................6

          D.     Defendants' Refusal To Produce
                  Deposition Identified Documents...............................................................8

ARGUMENT

POINT I

      DEFENDANTS HAVING WAIVED OBJECTIONS
      TO PLAINTIFF'S RULE 30(b)(6) NOTICE SHOULD
      PRODUCE THE WITNESSES TO TESTIFY REGARDING
      THE RELEVANT SUBJECT MATTER DESCRIBED
      IN THE NOTICE..................................................................................................9

POINT II

      THE DOCUMENTS PLAINTIFF SEEKS ARE
      NEED FOR THE PROPER PROSECUTION
      OF HER CLAIMS AND THEREFORE
      SHOULD BE PRODUCED................................................................................13

CONCLUSION....................................................................................................................15

**TABLE OF AUTHORITIES**

**CASES**

*Agniel v. Central Park Boathouse LLC.*

    2015 WL 463971 (S.D.N.Y. Jan. 26, 2015), . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Alheid v. Target Corp.*

    2017 WL 4174929 (S.D.N.Y. Aug. 20, 2017).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Eldaghar v. City of N.Y. Dept. of Citywide Admin. Serv.*

    2003 WL 22455224 (S.D.N.Y. Oct. 28, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Forte v. Liquidnet Holdings, Inc.*

    2014 WL 12775220 (S.D.N.Y. Dec. 2, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Garner v. NYS Parks and Recreation*

    2021 WL 1310409 (W.D.N.Y. Apr. 8, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*MacCarnery v. O'Dell*

    2018 WL 5023947 (S.D.N.Y.  Oct. 17, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Reilly v. NatWest Markets Grp. Inc.*

    181 F. 3d 253 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Slauenwhite v. Bekum Maschinenfabriken, G.m.b.H.*

    1983 WL 474991 (D. Mass. Feb. 3, 1083) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Smith v. Conway Org. Inc.*

    154 F.R.D. 73 (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*UBS International Inc. v. Itele Brasil Instalacoes Telefonicas Ltd.*
   2010 WL 743371 (S.D.N.Y..Feb. 24, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

## STATUTES

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

New York City Human Rights Law, N.Y. Admin. Co. 8-101 *et seq.* . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF THE CASE**

Plaintiff, Mauvareen Beverley is an approximately sixty-six years old, African-American of Caribbean descent and former Assistant Vice President employed with the Defendant New York City Health and Hospitals Corp. (H+H).  H+H employed her in the Finance Department of H+H's Central Office (Finance).   She held the position beginning in or about 2015 through in or about December 2017, when Defendants terminated her employment.  The reason the Defendants gave for terminating Plaintiff was alleged reorganization and restructuring.  Plaintiff is the only employee in Finance, whom Defendants terminated due to the alleged reorganization and restructuring of Finance.

During her tenure in Finance, Defendant Plachikkat V. Anantharam (Anantharam) was the head of Finance, while Defendant Stanley Brezenoff was the interim Chief Operating Office and President of H+H.   In or about January 2018 Defendant Mitchell Katz became the Chief Operating Officer and President of H+H.

Following Plaintiff's termination, Plaintiff commenced this action against the Defendants, asserting claims of discrimination, retaliation and hostile environment, pursuant to 42 U.S.C. § 1983 and the New York City Human Rights Law, N.Y. Admin. Co. 8-101 *et seq.* (NYCHRL).

**I.      The Procedural History Of The Case**

On or about May 5, 2019 Defendants moved to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)(6).  *Dkt# 17-18.*   In an Opinion and Order dated March 30, 2020 the

Court dismissed Plaintiff's First Amended Complaint (FAC). *Dkt # 33*. In addition to appealing the dismissal, Plaintiff moved for reconsideration of the Opinion and Order. *Dkt #39-41*. The Court denied Plaintiff's motion for reconsideration, on September 25, 2020. *Dkt #47*. On April 23, 2021 the Court of Appeals, vacated the March 30, 2020 Opinion and Order, and remanded the case for further proceedings. *ECF Doc #48*.

On June 1, 2021 Plaintiff moved for leave to amend the FAC. *Dkt # 51-53*. On March 23, 2022 the Court granted in part Plaintiff's motion to amend the FAC, specifically to plead and prosecute her claims of disparate treatment and hostile work environment. *Dkt # 63 at 21*.

The Court also ruled that Plaintiff could pursue her claim of disparate treatment based on her race, age and national origin pursuant to 42 U.S.C. § 1983 and the NYCHRL, which arose from her termination and subsequent replacement by Robert Melican (Melican). *Dkt. #63 at 21*. Melican is a Caucasian male who held the position of Director in Finance and was immediately promoted to the position of Assistant Vice President, following Plaintiff's termination. The Court also granted Plaintiff leave to amend the FAC to assert the hostile work environment claim, pursuant to the NYCHRL. On April 13, 2022 Plaintiff filed the TAC, containing the claims the Court ruled she could pursue in this action. *Dkt # 64*.

Thereafter, the parties undertook discovery in this case. During the course of discovery several issues arose, which the parties could not resolve. One such issue is the

Defendants' failure to make a full and complete production of documents responsive to Plaintiff's First Request for Production of Documents. Plaintiff's motion to compel that production currently is pending before the Court. *Dkt. #90.*

## II.     The New Discovery Issues

Other issues have arisen, remain unresolved and are the subject of this motion. Specifically Defendants' refusal to produce witnesses in response to Plaintiff's Rule 30(b)(6) motion, despite failing to timely object to the notice. Defendants waited five months after service of the notice, to purportedly assert objections to the notice.

Another unresolved issue is Defendants' deficient production of documents identified and requested during the depositions of witnesses, who appeared on behalf of Defendants. The particulars of the discovery issues are set forth below

### A.     Defendants' Refusal To Produce Rule 30(b)(6) Witnesses

Plaintiff seeks to compel the Defendants to produce witnesses with knowledge regarding the subjects describe in the Rule 30(b)(6) notice of deposition, which Plaintiff served on Defendants on May 18, 2023. See Exhibit 1 annexed to the Declaration of Sandra D. Parker, dated January 9, 2024 submitted in support of this motion (Parker Decl.). [1]

### B.     Plaintiff's Rule 30(b)(6) Notice of Deposition

Plaintiff's Rule 30(b)(6) notice seeks to depose the Defendant H+H regarding

---

[1] All exhibits referred to in this brief are annexed to the Parker Decl.

four categories of subjects, described in thirteen paragraphs in the notice. See Exhibit 1.

Defendants have refused to produce witnesses to testify regarding the following three

categories of subjects:[2]

First Category - Finance's medical necessity function and medical necessity appeals and operations from January 1, 2014[3] through June 2018 [Deposition Subjects c and d]

    c.    The medical necessity function performed in Finance, including the identity of the persons who perform that function from January 1, 2014 to the present.

    d.    The medical necessity denials and appeals functions performed in Finance, including the identity of the persons who perform those functions from January 1, 2014 to the present.

Second Category - Finance's budgetary information, organizational changes and restructuring from 2017 to the present [Deposition Subjects a, b, f, g and h]

    a.    Finance Budget for Fiscal Years 2017 to the present, including any lines that were added or deleted to the Finance budget during that period.

    b.    The Huron contract, including the revenue cycle management services performed pursuant to said contract and the reason the contract was not renewed.

    f.    Persons hired to work in Finance during the period December 1, 2017 to the present, including their duties and responsibilities.

    g.    The organizational changes and restructuring of management positions in Finance during the period January 1, 2017 to the present, including the management positions which were the subject of the organizational changes

---

[2] On October 30, 2023 Defendants produced a witness who testified regarding the fourth category which is described in paragraph e of the notice.

[3] January 1, 2014 is approximately one year before Plaintiff began working in Finance.

four categories of subjects, described in thirteen paragraphs in the notice. See Exhibit 1.

Defendants have refused to produce witnesses to testify regarding the following three categories of subjects:[2]

First Category - Finance's medical necessity function and medical necessity appeals and operations from January 1, 2014[3] through June 2018 [Deposition Subjects c and d]

    c.    The medical necessity function performed in Finance, including the identity of the persons who perform that function from January 1, 2014 to the present.

    d.    The medical necessity denials and appeals functions performed in Finance, including the identity of the persons who perform those functions from January 1, 2014 to the present.

Second Category - Finance's budgetary information, organizational changes and restructuring from 2017 to the present [Deposition Subjects a, b, f, g and h]

    a.    Finance Budget for Fiscal Years 2017 to the present, including any lines that were added or deleted to the Finance budget during that period.

    b.    The Huron contract, including the revenue cycle management services performed pursuant to said contract and the reason the contract was not renewed.

    f.    Persons hired to work in Finance during the period December 1, 2017 to the present, including their duties and responsibilities.

    g.    The organizational changes and restructuring of management positions in Finance during the period January 1, 2017 to the present, including the management positions which were the subject of the organizational changes

---

[2] On October 30, 2023 Defendants produced a witness who testified regarding the fourth category which is described in paragraph e of the notice.

[3] January 1, 2014 is approximately one year before Plaintiff began working in Finance.

   and restructuring.

 h. Plaintiff's role in Finance during her tenure in Finance.

<u>Third Category</u> - Finances' clinical documentation and revenue cycle functions and initiatives from January 1, 2014 to the present [Deposition Subjects i, j, k, and l];

 i. The Clinical Documentation Integrity Unit of Finance, including the identity of employees who work in that Unit during the period January 1, 2014 to the present.

 j. The Revenue Cycle Unit of Finance, including the Revenue Cycle Functional Organization Chart which Defendants produced, and the identity of employees who work in that Unit during the period January 1, 2014 to the present.

 k. The revenue cycle initiatives undertaken during the period January 1, 2014 to the present and the identity of the employees who worked on said initiatives.

 l. The Revenue Integrity Unit of Finance, including the Revenue Integrity Table of Organization Chart, Defendants produced and the identity of employees who work in that Unit during the period January 1, 2014 to the present.

 Plaintiff served Defendants with the notice of deposition on May 18, 2023. Defendants did not object to the notice. For approximately five months thereafter, Defendants represented to Plaintiff that they would comply with the notice, and just needed more time to do so. They repeatedly represented, that they were working on identifying appropriate witnesses and needed additional time to do so. See, e.g., Exhibit 2, July 24, 2023 through July 27, 2023 email exchanges between Plaintiff's counsel and Rodianna Katsaros, who represented the Defendants at the time.

### C. Defendants' Waiver Of Objections And Refusal To Produce The Rule 30(b)(6) Witnesses

Although Defendants requested and obtained additional time to produce the Rule 30(b)(6) witnesses, by July 2023 they had not produced any such witnesses, causing Plaintiff to become concerned about their alleged efforts. Plaintiff continued to press them about producing those witnesses. In response to Plaintiff's demands for the production of those witnesses, in a July 28, 2023 email Defendants' counsel, Ms. Katsaros identified one witness to testify, regarding one of the subjects described in the notice. See Exhibit 3, July 27, 2023 and July 28, 2023 email exchanges between counsel.

Five days later, on August 2, 2023 Plaintiff received emails stating that Ms. Katsaros was out of the office and that Rene Macioce was assigned the case. Exhibit 4, August 2, 2023 Katsaros and Macioce emails. Following Mr. Macioce's assignment to the case, he also failed to interpose objections to the notice. He instead, continued the pattern of conduct begun with Ms. Katsaros of representing that he was working on identifying witnesses to be produced.[4]

Not until September 6, 2023 did Defendants produce their first witness, David

---

[4] Mr. Macioce even had Plaintiff's counsel include in the parties' joint application for extension of the discovery deadline, the statement that Defendants were working on identifying witnesses to be produced for the Rule 30(b)(6) deposition. See Exhibit 5, August 11, 2023 Macioce email stating that the parties' application include the statement that the requested extension, would afford Defendants additional time to work on the "identification of witnesses and the dates when the witnesses with knowledge of . . .[the Rule 30(b)(6) subjects] will appear for depositions." See also, *Dkt.* #100, Motion Letter dated August 11, 2023, p. 1, ¶ 3, lines 3-4, which includes that representation.

Silvestri (Silvestri) to testify regarding the First Category of subjects described in the notice---Finance's medical necessity, medical necessity denials and appeals functions. The notice called for testimony covering January 1, 2014 to the present (Deposition Subjects c and d), and physician advisors, H+H personnel who worked at the various acute facilities of H+H to coordinate the medical necessity and denials and appeals functions (Deposition Subject m).

Yet, Silverstri's testimony with respect to Deposition Subjects c and d, was limited to the period beginning in June 2018. He did not have personal knowledge of, and Defendants did not prepare him to testify, regarding the entire period described in the notice—specifically, the year preceding Plaintiff's employment in Finance, the period during her employment in Finance, and the period immediately following her termination. Defendants admitted during the Silvestri's deposition, that his testimony did not cover the missing periods, and represented that they would produce someone to testify regarding that period. See Exhibit 6, relevant pages of the Silvestri Deposition Transcript at 61:18-24; 65:12-25, 66:1-5; 73:6-17.

Approximately one month following Silvestri's testimony and five months following service of the deposition notice, Defendants purported to interpose objections to Plaintiff's Rule 30(b)(6) notice, in a letter dated October 13, 2023. See Exhibit 7 annexed hereto. While they produced a second witness on October 30, 2023 to testify regarding Deposition Subject e, Defendants refused to produce any other witnesses.

7

The parties conferred on November 17, 2023 and December 5, 2023 and exchanged communications to try resolving this matter, without success. Defendants' counsel demanded that Plaintiff's counsel not ask future witnesses certain questions, as a condition for producing additional witnesses. When Plaintiff's counsel rejected that demand, Defendants took the position that they also had objections regarding the scope of the listed subjects, but refused to indicate how that objection could be addressed.[5]

### D. Defendants' Refusal To Produce Deposition Identified Documents

During the course of deposing factual witnesses and Rule 30(b)(6) witnesses, they identified or described documents containing information relevant to the issues and defenses raised in this action. At those depositions, Plaintiff requested Defendants to produce those documents. Defendants' responses to those requests are insufficient.

They did not produce the following documents:

> Anantharam's Deposition Documents - the 2017-2019 Finance budget [Request No. 3] Documents showing the positions/lines added or eliminated from the Finance from 2017 through 2018 [Request No. 5]; and Huron related communications [Request No. 7]. See Exhibit 9, the Anantharam Requested Documents.
>
> Robert Melican Deposition Documents - the duties and responsibilities of certain Finance employees [Request No. 5]. See Exhibit 10, Melican Requested Documents.

---

[5] Defendants' counsel thereafter sent Plaintiff's counsel an email to allegedly "clarify" that he was not making such a demand, but was "continuing to review [Plaintiff's] requests." Defendants did not identify or produce any additional witnesses. See Exhibit 8 annexed to Parker Decl., November 17, 2023 email from Defendants' counsel.

Plaintiff made similar requests during the depositions of other witnesses. As of December 8, 2023 when Plaintiff filed her pre-motion letter, Defendants also had not responded to all of the requests.[6]

## ARGUMENT

### POINT I

**DEFENDANTS HAVING WAIVED OBJECTIONS TO PLAINTIFF'S RULE 30(b)(6) NOTICE SHOULD PRODUCE THE WITNESSES TO TESTIFY REGARDING THE RELEVANT SUBJECT MATTER DESCRIBED IN THE NOTICE**

A corporate party such as H+H, in response to a Rule 30(b)(6) notice, has the affirmative duty to produce for the deposition "'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." *Reilly v. NatWest Markets Grp. Inc.,* 181 F. 3d 253, 268 (2d Cir. 1999). Where the witness, the corporate party designates to testify lacks personal knowledge regarding the subjects set forth in the deposition notice, it has the obligation to properly prepare the designated witness "so that they can give knowledgeable answers."

In addition to the foregoing principle, a party's

---

[6] Due to the fact that the parties did not and could not confer regarding any possible issues regarding the outstanding production, those issues are not the subject of this motion. Plaintiff made need to make another pre-motion application with respect to any unresolved issues regarding that production.

> . . .failure to respond or object to a discovery request in a timely manner waives any objection which may be available.

*UBS International Inc. v. Itele Brasil Instalacoes Telefonicas Ltd.*, 2010 WL 743371 at *3, 9 CV 4286 (S.D.N.Y. Feb. 24, 2010)(quoting *Smith v. Conway Org. Inc.,* 154 F.R.D. 73, 76 (S.D.N.Y. 1994); *see also, Garner v. NYS Parks and Recreation*, 2021 WL 1310409 at * 3 (W.D.N.Y. Apri. 8, 2021)(citing *Eldaghar v. City of N.Y. Dept. of Citywide Admin. Serv.,* 2003 WL 22455224 at *1 (S.D.N.Y. Oct. 8, 2003). The Court in *Eldaghar* found that "[a]ny other result would . . . give a license to litigants to ignore the time limits for discovery without any adverse consequences."[quoting *Slauenwhite v. Bekum Maschinenfabriken, G.m.b.H.,* 1983 WL 474991, 79 CV 1774-Mc (D. Mass. Feb. 2, 1983)].

In this case, Plaintiff's notice of deposition called for Defendants to produce their 30(b)(6) witnesses on June 2, 2023. Exhibit 1. Defendants requested and obtained extensions of time to produce those witnesses. Defendants did not request and Plaintiff did not give them an extension of time to interpose objections to the notice. Defendants repeatedly represented during a five month period that they were working on producing those witnesses, but produced only two witnesses to testify regarding four of the thirteen subjects. One such witness had limited knowledge about the subjects about which he testified.

They therefore misrepresented the fact that they were using the additional time to

comply with the notice. They used the additional time to delay Plaintiff's discovery and then attempt to block Plaintiff from obtaining full and complete discovery, with their untimely objections. Their conduct is illustrative of the type of gamesmanship disfavored with respect to discovery. Defendants have not offered any explanation for their failure to timely object to the notice.

Their objections to the notice are untimely and therefore waived. The Court should direct them to produce the witnesses to testify regarding the remaining three categories of subjects listed in the notice. *UBS International Inc.*, 2010 WL 743371 at *3; *Garner,* 2021 WL 1310409 at * 3; *Edaghar,* 2003 WL 22455224 at *1

Morever, a review of their purported objections shows that they consist of vague boiler plate objections. They complain about the number of persons they would need to produce to testify, arguing that renders the notice disproportionate "to the needs of the case." They do not identify the number of needed persons, why and how the number is burdensome. Defendants further argue that Plaintiff should be satisfied with the discovery they have already provided.

For example, with respect to the First Category of subject, after representing that they would produce someone to testify regarding the missing time periods, on Deposition Subjects c and d, they now claim Plaintiff should be satisfied with Silvestri's deposition and their other discovery responses. However, Plaintiff "is entitled to the discovery devices provided by the Rules, including depositions . . ." *Garner,* 2021 WL 1310409 at

11

\* 3.     In an effort to cloud the issue, Defendants also give a broad interpretation of the Central Office Finance, when Plaintiff made clear that the term referred to the units or departments over which Anantharam supervised, and which they claimed was subject to reorganization, that resulted solely in the termination of Plaintiff's employment.

With respect to the Huron contract, it was Anantharam who testified during his deposition that the contract allegedly replaced the function Plaintiff performed in Finance, and was the reason for termination.  See Exhibit 11, Relevant pages of Anantharam's Deposition Transcript, 177-180, 194, 195:20-25.

Testimony regarding the Finance budget also is relevant because Defendants also maintain that there were budgetary concerns that led to Plaintiff's termination, including the elimination of her line in Finance.  The Defendants should produce witnesses with knowledge regarding the subjects described in Plaintiff's deposition notice. *Agniel v. Central Park Boathouse LLC*, 2015 WL 463971 at \* 2-3, 12 CV 7227 (Jan. 26, 2015); *Alheid v. Target Corp.,* 2017 WL 4174929 at \* 1, 16 CV 6980 (S.D.N.Y.  Aug. 29, 2017).

## POINT II

**THE DOCUMENTS PLAINTIFF SEEKS ARE NEEDED FOR THE PROPER PROSECUTION OF HER CLAIMS AND THEREFORE SHOULD BE PRODUCED**

During discovery, Plaintiff has had difficulty obtaining documents and information, relevant and necessary to the proper prosecution of her claims and in

order to address Defendants' position regarding their treatment of the Plaintiff.   Plaintiff requested that Defendants produce certain documents described in her First Request for Production of Documents, many of which they have refused to produce.

Nevertheless, Plaintiff moved forward with discovery, taking the depositions of witnesses.  During those depositions certain documents were described and identified, which Plaintiff requested Defendants produce. Presently before the Court, in this motion is the request that Defendants provide full and complete responses to those requests, by producing the documents requested.

While Plaintiff made the specific requests, during the depositions, Defendants demanded that Plaintiff repeat the requests in written letter, then insisted they were entitled to thirty days from their receipt of Plaintiff's repeated written requests for the documents to respond to the requests.  Not satisfied with those circumstances, the next requested additional time beyond the thirty days to respond to the written requests. Defendants follow that with deficient responses, accompanied by boiler plate objections.

Defendants have not produced the 2017-2019 Finance budget which they claim shows that there were allegedly budgetary concerns that led to Plaintiff's termination, and alleged elimination of her line in Finance; documents showing whether the Finance positions or lines were in fact eliminated or if not, whether any were added during Plaintiff's employment and following her termination; and the Huron contract documents, which Anantharam testified alleged replaced Plaintiff's function in Finance, and resulted

13

in the termination of Plaintiff's employment.  See Exhibit 9, Requests No. 3, 5 and 7. These documents were identified and requested during Anantharam's deposition.  Yet, Defendants refused to produce them.

They also have refused to produce  the duties and responsibilities of certain Finance employees, specifically employees Defendants hired to work in Finance, following Plaintiff's termination, to work on projects and functions Plaintiff performed during her tenure.  Exhibit 10, Request No 5.  Instead of producing the requested documents, Defendants produced what appears to be generic descriptions of their job functions, based on their title.  That information is not responsive to the request.  It does not indicate what work they specifically are doing in Finance.

The Court should direct Defendants to cure their deficient responses. *Forte v. Liquidnet Holdings, Inc.,* 2014 WL 12775220 at * 1, 14 CV 2185 (S.D.N.Y.  Dec. 12, 2014); *MacCarnery v. O'Dell,* 2018 WL 5023947 at *3, 14 CV 3925 (S.D.N.Y. Oct. 17, 2018)

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion to compel, together with such other and further relief, as the Court deems just and proper.

Dated:　　New York, New York
　　　　　　January 9, 2024

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　LAW OFFICE OF SANDRA D. PARKER

　　　　　　　　　　　　　　　　　　By: /s/ Sandra D. Parker
　　　　　　　　　　　　　　　　　　　　　Sandra D. Parker
　　　　　　　　　　　　　　　　　　　　　110 East 59th Street, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　　　　　　(212) 317-2883
　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff